[Civ. No. 16276. Fourth Dist., Div. One. Mar. 14, 1978.]

In re JOSE S., a Person Coming Under the Juvenile Court Law.
A.G. FORBES, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
JOSE S., Defendant and Appellant.

622

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Paul Bell for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Harley D. Mayfield, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STANIFORTH, J.**—Seventeen-year-old Jose S. was declared a ward of the juvenile court (Welf. & Inst. Code, § 602) after a finding he

committed an act of oral copulation on a minor female (Pen. Code, § 288a). He was granted one year probation and released to his parents.

On appeal Jose S. contends, inter alia, the juvenile judge improperly denied his timely motion of disqualification (Code Civ. Proc., § 170.6) and thereby rendered subsequent proceedings and the decision null and void.

The victim, Regina G., testified a boy came running through the field toward her, flung her to the ground, held her there for a period of a half hour to an hour and orally copulated her. The victim described her assailant to the investigating officer as a young Indian or Mexican, approximately 5 feet 5 inches tall and weighing approximately 140 pounds. The victim reported "about a half hour or an hour" of assaultive activities on the ground but the officer observed "the victims clothing did not appear disarranged nor soiled from lying on the ground." The investigating officer concluded in his report the "crime may not have been committed." Some days after the event, the victim pointed out Jose S. (a 5 foot 11 inch, 196-pound, Mexican youth) as her assailant.

At the time of the filing of the petition seeking to have Jose S. declared a ward of the juvenile court (May 17, 1976) the Superior Court of Imperial County consisted of three departments. Juvenile matters were handled in department one, a trial department in which Judge Kirk usually presided. Various judges (as the record here reflects) handled the juvenile matters in department one.

At a detention hearing May 19 Judge Kirk released Jose S. to the custody of his parents and set the jurisdictional hearing for June 9. On June 9 Judge Kirk reset the jurisdictional hearing for June 23 in department one. On that date, the minor, counsel and Judge Kirk conferred in chambers with a reporter present. At that in-chambers hearing, Judge Kirk permitted the filing, without objection from the deputy district attorney, of a polygraph examination exonerating Jose S. of the sex offense. Upon the deputy district attorney's representation the victim was also willing to take a polygraph test, Judge Kirk directed such test be given and continued the matter to July 14 at 9 a.m. in department one "for jurisdiction hearing." Judge Kirk stated he would not be present on that date but directed all witnesses to return.

On July 14 Judge Gillespie presided in department one. The minutes reflect the jurisdictional hearing was again continued to September 15 at

9 a.m. in department one. On August 31 counsel for Jose S. filed an appropriate motion and affidavit under Code of Civil Procedure section 170.6 to disqualify Judge Kirk. Judge Kirk summarily denied the motion on August 31, 1976. The grounds upon which the disqualification was denied are not known. The reason? No reporter was present at the disqualification hearing, if one was held.

█ Code of Civil Procedure section 170.6 provides, in essence, any party or attorney to a civil or criminal action or juvenile proceeding may make an oral or written motion to disqualify the assigned judge, commissioner or referee, supported by an affidavit to the effect the judge is prejudiced against such party or attorney or the interest thereof so that the client cannot or believes he cannot obtain an impartial trial. There are strict statutory limits on the timing and the number of such motions which may be filed; however, if the motion is timely and in proper form, immediate disqualification is mandatory. The judge must recuse himself without further proof and the cause must be reassigned to another judge. (*McCartney* v. *Commission on Judicial Qualifications,* 12 Cal.3d 512, 532 [116 Cal.Rptr. 260, 526 P.2d 268]; *Pamela H.* v. *Superior Court,* 68 Cal.App.3d 916, 918-919 [137 Cal.Rptr. 612].)

Our sole and dispositive concern here is the timeliness of Jose S.' motion. █ The statutory scheme determinative of timeliness of filing is found in subdivision (2) of Code of Civil Procedure section 170.6.[1] This general rule emerges: disqualification of the judge is permitted at any time prior to the commencement of the trial which point in time is defined as: ". . . the drawing of the name of the first juror, or if there be

---

[1]Code of Civil Procedure section 170.6, subdivision (2) provides in critical part: "[a] Where the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. [b] If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. [c] In no event shall any judge, court commissioner, or referee entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. [d] The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced." (*Los Angeles County Dept. of Pub. Social Services* v. *Superior Court,* 69 Cal.App.3d 407, 412 [138 Cal.Rptr. 43]; see fn. 1, [c].)

■ There are two exceptions to the primary right to challenge the judge at any time before "the cause has otherwise commenced." The first exception to the general rule is the "ten day-five day" provision: "*Where the judge* . . . assigned to or who is scheduled to try the cause or hear the matter *is known at least 10 days before the date set for trial or hearing,* the motion shall be made at least five days before that date." (Italics added; see fn. 1, [a].)

The second exception is the "master calendar" exception: "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." (See fn. 1, [b].) The record of proceeding here makes the master calendar exception factually not applicable.

■ The fourth leg of the statutory timetable derives from the 1965 amendment to Code of Civil Procedure section 170.6 which added: "The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and *not involving a determination of contested fact issues relating to the merits* shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Italics added; see fn. 1, [d].) The underlined language is at the heart of, reflects the motivating purpose of the 1965 amendment. This addition preserves the right of a party to disqualify a judge under Code of Civil Procedure section 170.6 notwithstanding the fact the judge had heard and determined an earlier demurrer or motion, or other matter not involving "contested fact issues" relating "to the merits" without challenge in the same cause. (See *Report of Committee on Administration of Justice,* 39 State Bar J. 496, 497-498.)

■ Jose S.' August 31 motion to disqualify Judge Kirk from hearing the jurisdictional proceeding was made more than 10 days before September 15; therefore the motion was timely under the 10 day-5 day rule if here applicable. The assignment to department one for September 15 was the last in a series of continuances for jurisdictional

hearing, each set in department one. The assignment was not to a particular judge. Various judges, including Judge Kirk, had presided over this matter. The September 15 assignment to department one was treated by the minor as an assignment to Judge Kirk. This was not an unreasonable assumption for an assignment to a particular department, not to a specific judge, is ordinarily regarded as notice a particular judge usually assigned to that department will hear the case. (*People* v. *Roerman,* 189 Cal.App.2d 150, 164 [10 Cal.Rptr. 870].) ■ However, it is an equally valid premise, a change of judge may occur in the designated department. No certainty arises a particular judge will hear the case from the fact of assignment, only, to a department. Vacation, illness and reassignment are common occurrences and upset best laid plans. (*Eagle Maintenance & Supply Co.* v. *Superior Court,* 196 Cal.App.2d 692, 694-695 [16 Cal.Rptr. 745].)

■ The Attorney General contends Jose S.' motion was untimely because it was not filed five days before the original hearing date, June 23, 1976. The Attorney General's reliance for this conclusion upon *Hospital Council of Northern Cal.* v. *Superior Court,* 30 Cal.App.3d 331, 338-339 [106 Cal.Rptr. 247], and *People* v. *Kennedy,* 256 Cal.App.2d 755, 762-763 [64 Cal.Rptr. 345], is misplaced. Both cases suggest a continuance of trial date does not extend the time for the filing of a motion under section 170.6. However, both cases factually involve assignments to particular judges before a first continuance. Furthermore, the discussions concerning the effect of a continuance upon the right to challenge the judge were unnecessary to the decisions. In *Hospital Council* the motion to disqualify had been filed only two days before the "actual true trial date" making it untimely in any event since the identity of the trial judge had long been known. In *Kennedy,* the master calendar exception controlled. (See *Zdonek* v. *Superior Court,* 38 Cal.App.3d 849, 855, fn. 6 [113 Cal.Rptr. 669].)

■ There is an uncertainty necessarily inherent in the practice of assigning a cause to a particular department but not to a named judge. The all too common continuance adds unknown variables. A consequent and undue hardship on the litigant flows which negates the underlying thrust of Code of Civil Procedure section 170.6—to grant to the litigant a single reasonable opportunity to disqualify a *known* trial judge. To effectuate this legislative intent, the cases have evolved this rule: Where the hearing date is set, but postponed, a disqualification motion filed five days before the postponed date is timely. (*Eagle Maintenance & Supply Co.* v. *Superior Court, supra,* 196 Cal.App.2d 692, 694, 695; *Woodman* v.

*Selvage,* 263 Cal.App.2d 390, 394, 396 [69 Cal.Rptr. 687]; *People* v. *Escobedo,* 35 Cal.App.3d 32, 37 [110 Cal.Rptr. 550]; *Zdonek* v. *Superior Court, supra,* 38 Cal.App.3d 849.)

■ We conclude in the factual circumstance here, the applicable rule was the ten day-five day rule subject, however, to the effect of the 1965 amendment to Code of Civil Procedure section 170.6. (Fn. 1, [d].) ■ The Attorney General contends the disqualification motion was untimely for the further reason there had been a hearing (June 23, 1976) involving "a determination of contested fact issues relating to the merits." The record reflects an in-chambers conference on the record. A polygraph report was filed and an order made for the victim to submit to a polygraph examination. Nowhere in the record is there any finding, factual determination, of any contested issue; nowhere in the record of proceedings does it appear the polygraph report filed or the lie detector test directed to be given to victim were ever referred to again. The jurisdictional hearing was continued to a future date before a different judge with the witnesses ordered to return at that date. This was not a determination of a contested fact issue relating to the merits. We conclude the motion to disqualify was timely filed.

■ The legal effect of Judge Kirk's improper refusal to recuse himself resulted in his loss of jurisdiction. The order and judgment he made therein were void. (*McCartney* v. *Commission on Judicial Qualifications, supra,* 12 Cal.3d 512, 531-532; *Estate of Cuneo,* 214 Cal.App.2d 381, 386 [29 Cal.Rptr. 497].) This error requires reversal of the judgment.

■ We examine a further contention of error. On several occasions defense counsel sought to cross-examine the prosecutrix, and in the process, to lay a foundation for her impeachment by use of prior inconsistent statements made to the investigating police officer. The method sought to be used by counsel is specifically authorized by Evidence Code section 770, subdivision (a). The judge treated this appropriate procedure not as a foundation laying process, but as an attempt to *impeach* the witness. Said the judge: "You have to get the officer in to testify before you can impeach her. You can't read her a statement what the officer said and say, 'Did you say that?' and then she says, 'No.'—it's an inconsistent statement. The officer is present. You can call him."

The "impeach" misconcept was the judge's, not counsel's. The judge's ruling did not respond to, was not related to, the aim of the cross-

examination then in process. Defense counsel confounded the confusion by following the trail left by the judge's unresponsive ruling, questioning: ". . . is the Court in fact ruling that I may not impeach the witness on a statement she has made to the Brawley Police Department?"

To which the judge reiterated his correct statement of impeachment technique, wholly inapplicable to the scope of cross-examination and Evidence Code section 770, subdivision (a) questions posed. The sum of this addition of error to error was curtailed cross-examination. There was no effective cross-examination of the vital prosecution witness on key fact questions. A fair trial did not result.

■ Finally, we note this further error. The trial court made no record of the hearing, if in fact one was held, at which the disqualification motion was heard and denied. "[T]he failure of the trial court to provide an accurate record on appeal" is reversible error. (*People* v. *Gloria*, 47 Cal.App.3d 1, 7 [120 Cal.Rptr. 534].)

Judgment reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied April 5, 1978, and the opinion was modified to read as printed above.