[No. A020355. First Dist., Div. One. Jan. 25, 1985.]

LOUISIANA-PACIFIC CORPORATION, Plaintiff, Cross-defendant and Respondent, v.
PHILO LUMBER COMPANY et al., Defendants, Cross-complainants, and Appellants.

COUNSEL

Robert A. Montgomery and Teal & Montgomery for Defendants, Cross-complainants and Appellants.

Thomas S. Brigham and Rawles, Hinkle, Carter, Brigham, Gaustad & Behnke for Plaintiff, Cross-defendant and Respondent.

OPINION

**HOLMDAHL, J.**—This is an appeal by defendants from a civil judgment, which they contend is void because the trial judge who heard the case had been peremptorily challenged by a codefendant who, before trial, was dismissed from the case.

The judgment is reversed.

*Statement of Facts—Procedural History*

In its amended complaint, plaintiff and respondent Louisiana-Pacific Corporation alleged three causes of action against three defendants: Landis Morgan (a natural person), Philo Lumber Company (a California corporation), and West Range Corporation (a California corporation). Landis Morgan was alleged to be the president and agent of both corporate defendants, an allegation implicitly admitted by defendants and appellants in their combined answer to the amended complaint.

On June 11, 1982, a minute order was made setting the matter for trial on September 7, 1982, before Judge Arthur B. Broaddus. On September 2, 1982, a peremptory challenge under Code of Civil Procedure section 170.6 was filed.[1] The challenge was signed by defendant Landis Morgan. In it, Morgan stated that he believed Judge Broaddus was prejudiced against him. The challenge appears to contain the matter required by section 170.6.

The next day, September 3, 1982, Louisiana-Pacific filed a dismissal, without prejudice, of the entire action as against Morgan only. Contemporaneously, Louisiana-Pacific filed a peremptory challenge of Judge Timothy O'Brien.

On September 7, 1982, the case was called to trial by Judge Broaddus. Mr. Montgomery, the attorney for all defendants, brought up the fact of the

---

[1] All statutory references are to the Code of Civil Procedure.

challenge and the following exchange occurred among Judge Broaddus, defendants' counsel and Louisiana Pacific's counsel (Mr. Brigham):

"THE COURT: ALL RIGHT. LOUISIANA-PACIFIC VERSUS PHILO LUMBER, ARE YOU READY?

"MR. BRIGHAM: YES, YOUR HONOR, READY FOR LOUISIANA-PACIFIC.

"THE COURT: ALL RIGHT.

"MR. MONTGOMERY: YOUR HONOR, ROBERT MONTGOMERY APPEARING FOR THE DEFENDANT.

"WITH ALL DUE RESPECT TO THE COURT WE DID CHALLENGE YOUR HONOR ON THURSDAY.

"THE COURT: THAT'S TRUE. THAT DEFENDANT HAS BEEN DISMISSED FROM THE ACTION AND WE'LL PROCEED AGAINST THE OTHERS.

"MR. MONTGOMERY: WELL, IT'S MY UNDERSTANDING THAT WAS FILED ON BEHALF OF ALL THE DEFENDANTS.

"MR. BRIGHAM: ALL IT SAYS IS THAT—

"THE COURT: THAT'S CORRECT. YOU CAN PROCEED WITH THE CASE."

Following trial of the matter, Judge Broaddus rendered judgment on the amended complaint in favor of Louisiana-Pacific.

Although the distinctions are not apparent on the face of the amended complaint, it appears from the record as a whole that the first cause of action was directed primarily against Philo Lumber, while the other two causes were directed against West Range. Philo had filed a cross-complaint against Louisiana-Pacific, and on May 26, 1982, Louisiana-Pacific and Philo Lumber entered into a stipulation by which they settled the claims each had against the other. The stipulation expressly reserved the issue of attorneys' fees for litigation at the time of trial of Louisiana-Pacific's complaint against West Range.

Thus, at trial Louisiana-Pacific's counsel described the remaining action as follows: "[¶] MR. BRIGHAM: YOUR HONOR, THIS CASE BEGAN WITH THREE CAUSES OF ACTION. THE FIRST BEING AGAINST PHILO LUMBER COMPANY ON A CONTRACT WHICH HAS NOW BEEN SETTLED AND SET OFF AGAINST THE CROSS-COMPLAINT OF PHILO LUMBER AGAINST LOUISIANA-

PACIFIC. THE NET RESULT OF THE TWO CLAIMED CROSS-COMPLAINTS BE-TWEEN L. P. AND PHILO IS THAT PHILO HAS STIPULATED TO A JUDGMENT IN THE AMOUNT OF APPROXIMATELY ELEVEN HUNDRED DOLLARS. THE STIPULATION SHOULD BE IN THE COURT'S FILE. [¶] THAT LEAVES US JUST WITH THE SECOND AND THIRD CAUSES OF ACTION OF THE COMPLAINT WHICH INVOLVES LOUISIANA-PACIFIC AGAINST WEST RANGE . . . ."

After entry of judgment following the trial as well as the stipulation, a notice of appeal was filed by defendants' counsel purportedly on behalf of all three original defendants. Landis Morgan, of course, has nothing from which to appeal, since the dismissal of the action as to him resulted in there being no judgment against him as an individual. As to Philo Lumber, it is not clear what interest it has in this appeal (ignoring the apparent connections among Landis Morgan, West Range, and Philo Lumber), given that the judgment against it on the complaint and for it on its cross-complaint was entered in accordance with the stipulation between it and Louisiana-Pacific. The only issue which the stipulation expressly did not resolve—attorneys' fees—was not mentioned in the final judgment and, in fact, is not an issue on this appeal. Thus, it appears that the most Philo Lumber could complain about on appeal is that the judgment awards no attorneys' fees against Louisiana Pacific and in favor of Philo Lumber. That fact probably gives Philo Lumber enough of an interest in the resolution of the appeal that it should remain a party.

*Issues*

While the parties have raised several subissues, the ultimate issue presented by this appeal is whether it was proper for Judge Broaddus to preside over the trial after Landis Morgan's peremptory challenge.[2]

Appellants argue that upon filing of the disqualification of judge by defendant Landis Morgan, pursuant to California Code of Civil Procedure section 170.6, Judge Broaddus was without jurisdiction to proceed with the trial and was obligated to assign the trial to another judge and that, because the law in California allows only one peremptory disqualification of a judge per side of a case, that peremptory challenge benefited the remaining co-defendants, West Range and Philo Lumber.

Louisiana-Pacific responds as follows: (1) There is no authority for the proposition that Morgan's disqualification inured to the benefit of the remaining defendants; (2) West Range's point on appeal was not properly

---

[2]We note, incidentally, that Mendocino County has two superior court judges (Gov. Code, § 69608), and that they are Judges Broaddus and O'Brien.

raised in the trial court; and (3) notwithstanding the foregoing, appellant's disqualification declaration was fatally defective.

### Benefit of Challenge to All Defendants

Two basic methods exist by which a party may seek disqualification of a judge on the ground of prejudice: (1) the challenge for cause, pursuant to section 170, and (2) the peremptory challenge, pursuant to section 170.6. The challenge in the instant case was a peremptory challenge pursuant to section 170.6.

A comparison of the pertinent language of the two code sections as they were worded in 1982[3] is helpful. Section 170 provided, in part:

"(a) No justice or judge shall sit or act as such in any action or proceeding:

"    . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him.

"(6) . . . . . . . . . . . . . . . . . . . . . .

"(c) Whenever a judge who shall be disqualified under the provisions of this section, to sit or act as such in any action or proceeding pending before him, neglects or fails to declare his disqualification in the manner hereinbefore provided, any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge. . . .

"    . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) No judge against whom a statement of objection or disqualification has been filed pursuant to this section, shall hear or pass upon any question of fact or law concerning his disqualification or the statement of objection or disqualification filed against him; but in every such case, all such ques-

---

[3]While both statutes were amended subsequent to trial of the present case, the changes were to portions not material to this case.

tions concerning the judge's disqualification shall be heard and determined by some other judge . . . ."

Section 170.6 provided, in part:

"(1) No judge, . . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(2) Any party or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, . . . before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, . . . Where the judge, . . . assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. . . . In no event shall any judge, . . . entertain such motion . . . after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. . . .

"(3) If such motion is duly presented and such affidavit or declaration under penalty of perjury is duly filed or such oral statement under oath is duly made, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge, . . . to try the cause or hear the matter. In other cases, the trial of the cause or the hearing of the matter shall be assigned or transferred to another judge, . . . of the court in which the trial or matter is pending or, if there is no other judge, . . . of the court in which the trial or matter is pending, the Chairman of the Judicial Council shall assign some other judge, . . . to try such cause or hear such matter as promptly as possible. Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding."

Section 170.6 also provided what the affidavit of prejudice should contain. That statute provides that "[a]ny party" may make the motion. ■ In

*Retes* v. *Superior Court* (1981) 122 Cal.App.3d 799, 807 [176 Cal.Rptr. 160], Division Two of this court stated: "[¶] The law is clear that when a party properly makes a motion under section 170.6 and the judge against whom it is directed fails to disqualify himself from hearing the matter before him, his action thereon and his subsequent orders and judgment are null and void." It follows, then, given the fact that no "determination" is made that actual prejudice exists in the case of a peremptory challenge, that if such a challenge is properly made it becomes effective immediately.

■■■ Nothing in section 170.6 makes any reference to vitiation of the effect of a peremptory challenge upon dismissal of an action as to one of several defendants, or otherwise. One can imagine a situation in which the sole defendant (or plaintiff) in a case seeks to withdraw a challenge he had made on the basis that the challenge was motivated by a mistaken belief in the bias of the challenged judge. One might speculate that he should be permitted to do so. In the meantime, however, the challenged judge would not have been able to deal with the case. In any event, this imagined situation is not analogous to that presented in the instant case. Here, there were several defendants and there was no abandonment of the motion to disqualify Judge Broaddus on the ground that he was prejudiced, at least as to Landis Morgan.

Appellants place much emphasis on the fact that section 170.6 permits only one challenge per side. They argue that, since when one defendant uses a peremptory challenge, none of the others may assert it, it must follow that all defendants must benefit from it.[4] In fact, this is precisely what happens in the usual case, because the challenge, once asserted properly by *any party*, works to prevent the challenged judge from acting further in the matter. What is unusual about this case is the fact that the party who asserted the challenge was no longer a party at the time of trial.

■■■ We hold that because the challenge takes effect instantaneously and irrevocably, then later events (such as the dismissal of the party who asserted the challenge) do not cause a rescission of the challenge. Thus, all parties "benefit" from the challenge.

Our holding corresponds to that of *Turkington* v. *Municipal Court* (1948) 85 Cal.App.2d 631 [193 P.2d 795] cited by appellants. In *Turkington* a motion to disqualify a judge for cause was made under section 170. The

---

[4]We note, however, that the effect of this argument—and of this opinion, for that matter—is a two-edged sword. Once one party of several plaintiffs or defendants asserts the challenge, the other plaintiffs or defendants may well consider themselves *harmed* rather than "benefitted," depending upon their preference between the former judge and the new judge. Such is the inevitable result of the statutory limitation.

circumstances in that case were such that it was clear that if the judge was, in fact, prejudiced, he was prejudiced not only against the moving party but also against all the codefendants. At issue in *Turkington* was whether the challenge inured to the benefit of all defendants. The court discussed that issue as follows:

"Now what does this section mean? It does not specifically provide for the disqualification *in toto* of the challenged judge as to all parties to an action when only one party, or any greater number but less than all, files a statement of disqualification *on grounds applicable to all of the parties.* But, although the section contains no express language on this subject, the proper interpretation of the language that is used would seem to indicate that, once a judge is challenged on such grounds, his right to proceed over the entire proceeding is suspended until the basic question of his qualifications is determined. As already noted, the section provides that no judge shall act in any action or proceeding when it is made to appear probable that a fair and impartial trial cannot be had before him, and then the section allows any party to file the required statement. It is not difficult to spell out of such language a purpose to disqualify the judge from presiding over the proceeding once the showing of disqualification is made by anyone having the right to raise the issue, i.e., by any party. It is the fact of disqualification that is important, not who raises it, as long as it is raised as provided in the section." (*Id.,* at pp. 638-639, italics added in second phrase.)

Louisiana-Pacific argues that *Turkington* is inapplicable to the instant case, because a different code section is involved here. It can also be argued that the result in *Turkington* depends in great measure on the fact that the prejudice in that case clearly affected the judge's attitude toward all the defendants.

On the other hand, we note that one basis for the holding in *Turkington* is its conclusion that the language in section 170 requires "that no judge shall act in any action or proceeding when it is made to appear probable that a fair and impartial trial cannot be had before him, and . . . [that] any party [is allowed] to file the required statement" (*id.,* at p. 639) and that language of similar import is contained in section 170.6. We consider that analysis in *Turkington* to be helpful in considering the peremptory challenge case before us.

*Turkington* also provides another basis not only for that decision, but also for all cases of challenges, under either code section, on grounds of prejudice: "It is most important that the decisions of courts should be afforded the respect and confidence of the community, but in order to warrant such respect and confidence, it is fundamental that such decisions should be

above the suspicion that they were rendered by a judge who was biased and prejudiced and had an interest in the litigation." (*Id.*, at p. 639.) That consideration logically should be taken into account in dealing with any allegation of prejudice on the part of a judge.

Due to the fact that a section 170.6 challenge requires no showing or finding of actual prejudice, its exercise is potentially a source of abuse.[5]

In the instant case there is a factor which would justify the conclusion that Landis Morgan's challenge inured to the benefit of his codefendants. The pleadings establish that Morgan was president and agent of each of the two corporate defendants. Assuming that Morgan believed Judge Broaddus to be prejudiced against him, it might well be assumed that he would also be biased against corporations with which Morgan was so closely associated. Appellants advance this notion.

Louisiana-Pacific's response is that: "[¶] To argue that West Range and Landis Morgan are so similarly situated as to attribute Morgan's declaration of prejudice to West Range, is to ignore the separate identity of West Range as a corporation. Further, it ignores a primary motivation for incorporation—insulation from personal liability. [¶] As a matter of policy, Morgan should not be allowed on the one hand to treat himself and his corporation as independent entities, then urge their identity when it is convenient."

Louisiana-Pacific's argument is flawed. Even if it is assumed that for all other intents and purposes a corporation has an identity totally separate from that of its president or shareholder, it does not follow that a judge who is prejudiced against the natural person will not be prejudiced against a corporation with which that person is closely connected. Prejudice does not necessarily embrace fine legal distinctions. Moreover, because we hold that a challenge once exercised terminates forthwith and irrevocably that judge's authority to act in any manner in that case, save to transfer the case to another judge, it is immaterial whether the remaining parties on the same side are similarly benefitted or not. One can easily posit factual situations in which one or more other parties on one side would prefer that the given judge remain in the case. Such other party or other parties might well get a second judge far less satisfactory to him, her, or them. That possible result is inherent in the pattern of the statute.

We reiterate our conclusion that, once exercised, a peremptory challenge cannot be rescinded, whether it operates to the advantage or disadvantage of coparties who have not expressly joined in the challenge.

---

[5]The potential for abuse has resulted in occasional decisions tending to interpret section 170.6 somewhat restrictively. (See, for example, *Pappa* v. *Superior Court* (1960) 54 Cal.2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311].)

■

### *Proper Raising of Challenge Question at Trial*

■ Louisiana-Pacific also contends that appellants' point on appeal was not properly raised in the trial court and that, therefore, appellants are precluded from raising it on appeal (citing 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 276, p. 4264). As Louisiana-Pacific puts it, "[¶] In the trial court West Range's counsel simply stated that 'It's my understanding that [the disqualification] was filed on behalf of all defendants.' Assuming *arguendo* counsel meant by the above-quoted phrase that Landis Morgan's 'disqualification' inured to the benefit of West Range, such a meaning was not objectively evident and was never explained or supported in the trial court." Apparently, Louisiana-Pacific means that appellants did not make the point with sufficient vigor, although what more needed to be said is not clear.

Louisiana-Pacific then states that "assuming West Range is correct in its arguments on appeal and assuming the point was properly raised in the trial court, the parties could have presented evidence on the question, obtained a ruling, and if necessary, had a trial before another judge, thereby avoiding the necessity of this procedural jousting." It is not clear to what Louisiana-Pacific refers when speaking of "evidence." The only question which Judge Broaddus could have resolved is whether the challenge was properly asserted, and resolution of that question would be based entirely on matters already in the record.

Louisiana-Pacific also asserts that this case does not fall within the "non-curable defect of substance" exception to the rule that a point must be raised in the lower court or else it cannot be raised on appeal. (6 Witkin, Cal. Procedure, *supra,* Appeal, § 280, p. 4269.) Louisiana-Pacific argues that: "While certain cases characterize the actions of a judge who is disqualified as 'null and void,' these cases are premised on the assumption that the trial judge was disqualified in a timely and proper manner. See *In re Abdul V.* (1982) 130 Cal.App.3d 847, 854 [182 Cal.Rptr. 146] ('. . . timely and properly filed . . .'); *Woodman* v. *Selvage* (1968) 263 Cal.App.2d 390, 396 [69 Cal.Rptr. 687] ('. . . properly makes a motion . . .'); and *Estate of Cuneo* (1963) 214 Cal.App.2d 381, 384 [29 Cal.Rptr. 497] ('. . . when a party properly makes a motion . . .'). It thus follows that the trial judge is not divested of jurisdiction until the procedural propriety of the challenge is determined. As the point which West Range failed to raise in the trial court concerns an issue within the 'jurisdiction' of the trial judge, the exception cannot apply in the case at bar."

The record, however, indicates that Judge Broaddus relied on the fact that Morgan was no longer a party to the action when he, in essence, treated the

challenge as no longer applicable. This is consistent with the view that the challenge was otherwise properly filed. However, we have concluded that upon such proper filing, the judge was divested of authority to proceed further.

### The Challenge as Being Fatally Defective

Louisiana-Pacific's final contention is that appellants' challenge was fatally defective. Repeating the notion that section 170.6 confers a privilege which is easily abused (for which proposition it cites *Pappa* v. *Superior Court, supra,* 54 Cal.2d 350, 354), Louisiana-Pacific contends that section 170.6 "requires that, in addition to a declaration [or] affidavit, that a '*motion*' be filed." (Italics added.)

Section 170.6 does speak of a "motion," but the motion may be either oral or written. Motions are requests for relief. Here, the document filed by Morgan contained an express request for relief. Having declared that Judge Broaddus was prejudiced against him, Morgan stated: "[¶] Accordingly, I am requesting that the Honorable ARTHUR B. BROADDUS be disqualified from presiding at any of the hearings or at the trial in this matter." The document satisfies the requirements of section 170.6 and Judge Broaddus should have recused himself "without any further act or proof" (Code Civ. Proc., § 170.6, subd. (3)) and a new judge should have been named pursuant to section 170.6.

The judgment is reversed.

Racanelli, P. J., and Elkington, J., concurred.