[No. B040960. Second Dist., Div. Four. June 8, 1989.]

JOSEPH MOREIRA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, and Albert G. Menaster, Deputy Public Defender, for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**THE COURT.**\*—The petition for writ of mandate was filed March 28, 1989. It challenges a denial of a Code of Civil Procedure section 170.6

\*Before McClosky, Acting P. J., George, J., and Goertzen, J.

disqualification motion as untimely and challenges a refusal to appoint the public defender.

On March 30 we issued a temporary stay of further proceedings in the underlying criminal action and requested preliminary opposition.

On April 13 the People filed a letter advising that they would not be filing opposition.

On May 8 respondent filed a letter arguing that the motion to disqualify was timely but conceding that there was no good cause for refusing to appoint the public defender. The letter concluded, somewhat inconsistently, that ". . . a response will not be filed on behalf of the Court [respondent]."

On May 9 we issued notice of our intent to grant the peremptory writ and invited opposition to be filed by May 26.

No opposition was filed.

 We conclude that denial of the public defender's Code of Civil Procedure section 170.6 motion to disqualify Judge Mireles was contrary to law and that, as of the date that motion was filed, Judge Mireles was effectively barred from hearing any matter in that action which involves a contested issue of law or fact. We also conclude that there was no good cause to deviate from the Penal Code section 987.2, subdivision (d), requirement that the public defender be appointed for indigent defendants.

These are the material facts. The public defender represented defendant in municipal court proceedings and filed a Code of Civil Procedure section 170.6 disqualification motion against Superior Court Judge Raymond Mireles one day before defendant's superior court scheduled arraignment date.

On the arraignment date Judge Mireles denied the motion as untimely and then refused to appoint the public defender, stating that the public defender was filing "blanket affidavits" against the judge and thereby creating congestion of other courtrooms.

After argument and removal of the public defender, appointed defense counsel obtained a six-day continuance.

The instant petition for writ of mandate followed.

Pursuant to our direction, petitioner later filed an amended verification by defendant stating that he at all times desired the public defender to represent him below.

We will now explain the reasons for our determination.

■ The disqualification motion was timely filed under the Code of Civil Procedure section 170.6 10-day/5-day rule because the arraignment was assigned to a department, not to Judge Mireles by name. (*Louisiana-Pacific Corp.* v. *Philo Lumber Co.* (1985) 163 Cal.App.3d 1212, 1219 [210 Cal.Rptr. 368]; *Bouchard* v. *Insona* (1980) 105 Cal.App.3d 768 [164 Cal.Rptr. 505]; *Retes* v. *Superior Court* (1981) 122 Cal.App.3d 799 [176 Cal.Rptr. 160]; *People* v. *Superior Court* (*Hall*) (1984) 160 Cal.App.3d 1081 [207 Cal.Rptr. 131].)

Even if the motion were not originally timely, it was timely as of the continued arraignment date. (*In re Jose S.* (1978) 78 Cal.App.3d 619, 627 [144 Cal.Rptr. 309].)

In any event, even if the present disqualification motion were not timely as of the arraignment, it effectively disqualified the targeted judge from all further contested proceedings in the action occurring more than five days after the motion was filed, because the arraignment did not involve a determination of contested issues of law or fact going to the ultimate merits of the action. (*Louisiana-Pacific Corp.* v. *Philo Lumber Co.*, *supra*, 163 Cal.App.3d at p. 1219; *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 859-861 [182 Cal.Rptr. 146].)

■ Respondent's refusal to appoint the public defender is also contrary to law.

Penal Code section 987.2, subdivision (d) does provide for removal of the public defender under limited circumstances: "In the interest of justice, a court may depart from the procedure requiring appointment of a public defender or a county-appointed attorney only after making a finding of good cause and stating the reasons therefor on the record."

Judge Mireles's stated ground for refusing the public defender is that the public defender was filing "blanket affidavits" against him and it was neces-

sary to remove the public defender from the action to preclude the later filing of a timely second Code of Civil Procedure section 170.6 disqualification that would congest other departments.

Respondent's stated ground does not constitute "good cause" for deviating from the appointment required by Penal Code section 987.2, subdivision (d).

After the disqualification motion had been filed respondent's refusal to appoint the public defender could not prevent assignment of the case to another judge. As already discussed, the disqualification motion was effective to disqualify Judge Mireles upon its filing as to all subsequent proceedings in the action involving contested issues of law or fact. Moreover, a second motion could not be made in the action by the "same side." (*Pappa* v. *Superior Court* (1960) 54 Cal.2d 350, 354 [5 Cal.Rptr. 703, 353 P.2d 311].)

Even if respondent's assumption that the motion was untimely were correct, defense counsel's exercise of the statutory right to a Code of Civil Procedure section 170.6 disqualification is not good cause under Penal Code section 987.2, subdivision (d) to refuse to appoint the public defender.

The filing of Code of Civil Procedure section 170.6 motions invariably impacts the caseloads of other judges, but no reported case has held or even suggested that removal of defense counsel for exercising that statutory right is proper or good cause under Penal Code section 987.2, subdivision (d). There can be no purpose to such removal where, as here, a valid disqualification motion has already been filed.

Let a peremptory writ of mandate issue directing respondent to vacate its orders in Los Angeles Superior Court case No. A823639, entitled People v. Joseph Moreira, which denied the public defender's Code of Civil Procedure section 170.6 disqualification motion as untimely and appointed defense counsel other than the public defender, respectively, and to make a new and different order granting the disqualification motion and transfering the action so that a different judge may appoint defense counsel in conformity with law.

It is further ordered that this court's temporary stay order issued March 30, 1989, shall remain in effect until this order becomes final as to this court.

That stay precludes Judge Mireles from presiding at any proceedings in case No. A823639 that involve contested issues of law or fact.

This order shall become final as to this court immediately upon its filing. (Cal. Rules of Court, rule 24(d).)