[No. G040580. Fourth Dist., Div. Three. Sept. 11, 2008.]

C.C., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties in Interest.

1020

**COUNSEL**

Deborah A. Kwast, Public Defender, Frank Ospino, Assistant Public Defender, Stacy Roark and Paul DeQuattro, Deputy Public Defenders, for Petitioner.

Benjamin P. de Mayo, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Real Party in Interest Orange County Social Services Agency.

Ken R. Nielsen for Real Party in Interest William B.

## OPINION

**FYBEL, J.**—In this juvenile dependency matter, the mother of dependents William B. and Noah B. petitions for relief from the order accepting a peremptory challenge to Judge James Patrick Marion on remand after his dispositional order was reversed on appeal. (Code Civ. Proc., § 170.3, subd. (d).) She also requests a stay of the hearing under Welfare and Institutions Code section 366.26, set for November 4, 2008, in a courtroom other than that of Judge Marion. Because the matter was not remanded for a reexamination of an issue of fact or a retrial of the dispositional issues, we grant the petition and direct that the case be returned to Judge Marion. Our decision renders the stay request moot.

This court filed an opinion that reversed Judge Marion's order granting reunification services to the mother at the disposition hearing and remanded to the juvenile court "with directions to enter a new order denying reunification services to the mother and to set a permanent plan selection hearing under [Welfare and Institutions Code] section 366.26 as soon as practicable." (*In re William B.* (2008) 163 Cal.App.4th 1220, 1231 [78 Cal.Rptr.3d 91].)[1] The opinion held the juvenile court erred in ordering reunification services to the mother based on the children's bond with her, notwithstanding its option to bypass them under Welfare and Institutions Code section 361.5, subdivision (b), and notwithstanding its finding that there was no realistic possibility of reunification. (*In re William B., supra,* 163 Cal.App.4th at pp. 1227–1229.) On remand, William's new counsel filed a peremptory challenge to Judge Marion under Code of Civil Procedure section 170.6. Judge Marion accepted

---

[1] The mother requests judicial notice of this opinion and its attendant appellate file. She also requests judicial notice of the Orange County Social Services Agency's report dated February 19, 2008, and filed with the juvenile court on February 20, 2008. We need not take judicial notice of a published opinion, and the subjects of the remaining requests are unnecessary to our decision. Accordingly, we deny the requests.

the challenge. William's sibling, Noah, had separate counsel on remand; he did not file a challenge to Judge Marion. Judge Marion recused himself on Noah's case, however, to keep the siblings' cases together.

■ Code of Civil Procedure section 170.6, subdivision (a)(2) allows a peremptory challenge to be made "following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. . . ." The mother contends the directions to enter a new order denying reunification services and to set a permanent plan selection hearing do not constitute "a new trial on the matter" within the meaning of the section. We agree.

The language allowing a peremptory challenge on remand was added in 1985 to avoid perceived bias against an appellant of a trial judge whose judgment or order had been reversed on appeal. (*Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575–576 [284 Cal.Rptr. 495].) But the statute applies only where the remand requires "a 'reexamination' of a factual or legal issue that was in controversy in the prior proceeding." (*Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 424 [23 Cal.Rptr.3d 857].) It does not apply to the performance of a ministerial act. (*Stegs Investments v. Superior Court, supra,* 233 Cal.App.3d at p. 576.)

■ Our remand to the juvenile court was clearly for the performance of ministerial acts, i.e., entering an order denying reunification services and setting a permanent plan selection hearing pursuant to Welfare and Institutions Code section 366.26. The real parties in interest claim, "the juvenile court in the present case will undoubtedly revisit the core determinations upon which this Court based its reversal," meaning it will have to consider the strength of the bond between the children and the mother at the permanent plan selection hearing. This claim is true, but the consideration of the parent-child bond at the permanent plan selection hearing is not for purposes of reunification; rather, it is to determine whether to avoid the termination of parental rights and select a different permanent plan. (Welf. & Inst. Code, § 366.26, subd. (c)(1)(B)(i).) This consideration will take place in a different legal context from the disposition hearing and will involve facts as they then exist. On remand, however, the juvenile court was merely directed to enter an order denying reunification services and to set a permanent plan selection hearing. The implementation of these directions will not constitute a reexamination of an issue of fact or a retrial of the dispositional issues.

The mother requested the issuance of a peremptory writ in the first instance, and we solicited and received informal briefing from the real parties in interest. Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the juvenile court to vacate its order accepting the peremptory challenge to Judge Marion and enter a new order rejecting the challenge and returning the cases involving William and Noah to Judge Marion.

Rylaarsdam, Acting P. J., and Ikola, J., concurred.