Filed 3/9/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOHNNY W.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO CITY AND COUNTY,<br><br>        Respondent;<br><br>E.R., et al.,<br><br>        Real Parties in Interest. | A150579<br><br>(San Francisco City & County Super. Ct. No. JD17-3035) |

**BY THE COURT**[*]

Petitioner Johnny W. (Father) is a respondent in a juvenile dependency proceeding. (Welf. & Inst. Code, § 300.) He seeks writ review of an order of the trial court denying a motion to disqualify the assigned judge under Code of Civil Procedure section 170.6 (section 170.6).[1] The court denied the motion as untimely, reasoning that the motion was filed after the court made "substantive rulings" at an initial detention hearing. As we explain, those rulings did not preclude Father from making his

---

[*] Humes, P.J., Dondero, J., and Banke, J.

[1] "Motions to disqualify made pursuant to section 170.6 are usually referred to as 'peremptory challenges.' Unlike a true peremptory challenge, however, section 170.6 requires that the movant allege 'prejudice' on the part of the challenged judge. (An allegation made in good faith is sufficient—prejudice need not be factually established.) [Citation.] In this opinion, we will refer to section 170.6 motions as [section] '170.6 challenges' or 'disqualification motions.' " (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1170, fn. 1 (*Lavi*).)

section 170.6 challenge because they did not "involv[e] a determination of contested fact issues related to the merits." (§ 170.6, subd. (a)(2).) We therefore grant Father's petition and issue a peremptory writ in the first instance, as we previously informed the parties was possible. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 (*Palma*).)

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2017, the San Francisco County Human Services Agency (the Agency) filed a Welfare and Institutions Code section 300 petition on behalf of Father's son, E.R. (Minor). The following day, the trial court held an initial detention hearing. Father appeared, and the court appointed counsel for him. Father's counsel asked to set the matter for a contested detention hearing but explained she could not proceed immediately because her witnesses and evidence were not available and because she was in trial in another department.

The court proposed hearing the matter on Friday, February 10, but Father's counsel informed the court she would be unavailable. After the court told counsel February 10 was the only day on which it could conveniently hear the matter, counsel invoked her client's statutory right to a one-day continuance. (Welf. & Inst. Code, § 322 ["Upon motion of the minor or a parent or guardian of such minor, the court shall continue any hearing or rehearing held under the provisions of this article for one day, excluding Sundays and nonjudicial days."]; Cal. Rules of Court, rule 5.672(a).) The court then told counsel she would have to return the next day, February 9, "for the one-day continuance." Counsel agreed to return but told the court, "I will not be able, by that time, to hire a social worker, [or] go out and take photographs to represent my case." The court observed "that's always the situation when you want a full-blown contested hearing." It suggested "it might be wiser to set it on a no time waiver basis," and if counsel needed time to investigate, to then set the matter for a contested jurisdictional/dispositional hearing.

The court then proceeded to "make [its] record." It stated that it had read and considered the February 7 detention report, and it found notice had been given as

2

required by law. It then found there had been a prima facie showing Minor came within section 300 of the Welfare and Institutions Code, there was a substantial danger to Minor's physical and emotional well-being, and there were no reasonable means by which Minor's physical and emotional safety could be safeguarded without removing Minor from Father's custody. The court ordered Minor temporarily detained under the care and custody of the Agency. It approved Minor's placement with his mother.

On February 9, Father's counsel filed a declaration and disqualification motion under section 170.6. When court convened that morning, the court noted it had received Father's motion. The court found it to be untimely because the court had "made substantive rulings on the detention yesterday." In response to Father's counsel's disagreement, the court stated it had made "temporary detention findings which are substantive findings." Father's counsel again objected, but the court denied the motion as untimely. It renewed its detention findings and ordered the parties to return on February 28 for a contested jurisdiction hearing.

On February 21, Father filed a timely petition for writ of mandate seeking review of the denial of his disqualification motion. (Code Civ. Proc., § 170.3, subd. (d); see *In re Sheila B.* (1993) 19 Cal.App.4th 187, 194 [petition for writ of mandate is exclusive means of appellate review of juvenile court's denial of § 170.6 challenge].) The following day, we requested informal opposition to the petition and notified the parties that we might proceed by issuing a peremptory writ in the first instance. That same day, Minor filed a letter in support of the relief requested in the petition, and the next day, the Agency's counsel informed us it had no position on the petition and did not intend to file informal opposition. On February 24, we temporarily stayed proceedings in the juvenile court pending further consideration of the petition.[2]

---

[2] Father's petition, filed February 21, requested a stay effective February 9, a date that had already passed. We only learned of Father's request for a temporary stay of the February 28 jurisdictional hearing when his counsel belatedly clarified that Father was seeking a stay before that date.

3

Father contends the juvenile court erred in ruling that his disqualification motion was untimely filed. He argues that he filed the motion within the time limits set by the statute, and he disputes the juvenile court's conclusion that the court's findings and orders at the initial detention hearing rendered the motion untimely. We agree with Father.

## I. *Father's Motion Was Filed Within the Statutory Deadline.*

Section 170.6, subdivision (a)(2) provides that any party or the attorney for any party may challenge the assigned bench officer if "the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge, court commissioner, or referee" to whom the case has been assigned. This section applies to juvenile court cases. (*Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39 (*Daniel V.*) [juvenile delinquency proceeding]; *Pamela H. v. Superior Court* (1977) 68 Cal.App.3d 916, 918 ["section 170.6 is equally applicable and constitutional in juvenile court proceedings"].) If a party's or attorney's motion "is timely and in proper form, immediate disqualification is mandatory." (*In re Jose S.* (1978) 78 Cal.App.3d 619, 625 (*Jose S.*).) Here, counsel's declaration in support of the motion closely tracked the language set forth in the statute. (See § 170.6, subd. (a)(6) [providing language of supporting affidavit].) It was therefore in proper form.

That leaves the question of the motion's timeliness. In general, "a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing." (*Lavi, supra,* 4 Cal.4th at p. 1171.) But section 170.6 "establishes three

---

When a petition requests a temporary stay, "[t]he cover of the petition must prominently display the notice 'STAY REQUESTED' and *identify the nature and date of the proceeding or act sought to be stayed*." (Cal. Rules of Court, rule 8.486(a)(7)(B), italics added.) Strict compliance with this rule is especially important in cases such as this, where a stay is sought on relatively short notice. If a petitioner fails to comply with this requirement, "the reviewing court may decline to consider the request for a temporary stay." (Cal. Rules of Court, rule 8.486(a)(7).) Although we have chosen to overlook the noncompliance in this instance, parties and counsel should not assume that we will routinely do so.

4

exceptions to the general rule, namely, the '10-day/5-day' rule, the 'master calendar' rule, and the 'all purpose assignment' rule." (*Lavi*, at p. 1171.) Normally, to determine whether a disqualification motion is timely, the court must decide whether the general rule or one of the three exceptions applies. (*Grant v. Superior Court* (2001) 90 Cal.App.4th 518, 524.)

Father contends this case falls within the all purpose assignment rule, and thus his motion had to be filed within 15 days after notice of the assignment. (See § 170.6, subd. (a)(2) ["If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance."].) We need not decide whether Father is correct, however, because Father's motion would be timely under any of the statute's deadlines. The initial petition in this case was filed on February 7. The first hearing of any kind was held on February 8. Father filed his disqualification motion the very next day, on February 9. A section 170.6 challenge brought a mere two days after the filing of the initial dependency petition is clearly within the statutory deadlines.

## II. *At the Initial Detention Hearing the Trial Court Did Not Resolve Any Contested Fact Issue Relating to the Merits.*

As Father recognizes, our conclusion that his motion was filed within the time fixed by the statute does not end the timeliness inquiry. "[A]n otherwise timely peremptory challenge must be denied if the judge has presided at an earlier hearing which involved a determination of contested factual issues relating to the merits." (*Grant v. Superior Court, supra,* 90 Cal.App.4th at p. 525.) But "[t]he fact that a judge . . . has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided." (§ 170.6, subd. (a)(2).) We must therefore determine whether the initial detention hearing involved the determination of such contested fact issues.

A section 170.6 challenge will not be untimely merely because the judge has previously determined *some* issue of fact. " 'It is not enough that a judge make a determination which relates to contested fact issues. [The judge] must have actually resolved or determined conflicting factual contentions relating to the merits prior to trial before the right to disqualify is lost.' [Citations.]" (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 5 (*Barrett*).) In *Barrett,* the trial judge denied a criminal defendant's section 170.6 challenge because the judge had presided over the defendant's preliminary hearing. (*Barrett*, at p. 5.) The defendant filed a petition for writ of mandate, and the appellate court granted the writ. (*Id.* at p. 3.) It explained that at a preliminary hearing, "[t]he magistrate is called upon only to determine whether the factual showing is sufficient to establish probable cause to believe the defendant committed a felony." (*Id.* at p. 6.) The court reasoned that at a typical preliminary hearing, the court rarely resolves conflicts in the evidence. (*Id.* at p. 7.) "Generally, defense witnesses are not called, affirmative defenses are not actually litigated, and the evidentiary showing by the People usually is limited to presenting only sufficient evidence of the elements of the charged offense to hold the accused to answer." (*Ibid.*) Thus, in determining that there was sufficient evidence to hold defendant to answer for the charges, the judge "did not resolve any contested fact issues relating to the merits of the case." (*Ibid.*)

Other cases involving such preliminary determinations are in accord. For example, in *Jose S., supra,* 78 Cal.App.3d 619, a section 170.6 challenge was filed after the juvenile court had held an initial detention hearing, set and reset the matter for a jurisdictional hearing, and conducted an in-chambers hearing in which it permitted the filing of a polygraph examination. (*Jose S.*, at pp. 624–625.) The appellate court rejected the contention that the in-chambers hearing involved a determination of contested fact issues relating to the merits. (*Id.* at p. 628.) It noted that the record reflected neither findings nor a determination of any contested issue. (*Ibid.*) Moreover, the continuance of the jurisdictional hearing did not constitute a determination of a contested fact issue relating to the merits. (*Ibid.*) Thus, the disqualification motion was timely filed. (*Ibid.*)

*Daniel V., supra,* 139 Cal.App.4th 28 involved section 170.6 challenges by two minors who were the subject of delinquency proceedings. After the filing of the petitions in their cases, the juvenile court conducted an initial hearing or arraignment, appointed counsel for the minors, and set the matter for a jurisdictional hearing. (*Daniel V.*, at pp. 34–35.) When the case of one of the minors, Daniel V., was next called, he denied the allegations of the petition and filed a section 170.6 challenge to the assigned judge. (*Daniel V.*, at p. 35.) The assigned judge struck the challenge as untimely. (*Ibid.*) The other minor's case "followed a similar path." (*Id.* at p. 38.) After the case was assigned for all purposes, the assigned judge conducted an arraignment, appointed counsel, and set a jurisdictional hearing. (*Ibid.*) At the next hearing, the minor denied the allegations of the petition, and the matter was set for a contested jurisdictional hearing. (*Ibid.*) The second minor filed a section 170.6 challenge that was also denied as untimely. (*Daniel V.*, at p. 38.) Both minors filed petitions for writ of mandate, which the Court of Appeal granted. (*Id.* at p. 49.) It explained that the minute orders did not reflect the adjudication of any contested issues during the first jurisdictional hearing, and thus the minors' challenges were timely. (*Id.* at pp. 41–42.) "[S]o long as a peremptory challenge is filed in an otherwise timely fashion before the commencement of the adjudicatory phase, the challenge complies with the statutory timetable."[3] (*Daniel V.*, at p. 41.)

Applying the reasoning of these cases to the facts before us, we conclude that the trial court did not determine any contested fact issues relating to the merits at the initial detention hearing on February 8. No witnesses were called, and no evidence—other than the detention report—was presented. Based solely on the petition and that report, the court found there had been a "prima facie showing" that Minor came within section 300

---

[3] Other orders and actions that have been held not to involve the resolution of contested issues of fact relating to the merits include summary revocation of probation (*Depper v. Superior Court* (1999) 74 Cal.App.4th 15, 21), arraignments (*Moreira v. Superior Court* (1989) 215 Cal.App.3d 42, 45), and ex parte proceedings concerning a temporary restraining order (*Landmark Holding Group, Inc. v. Superior Court* (1987) 193 Cal.App.3d 525, 529). Additional examples are collected in *Guardado v. Superior Court* (2008) 163 Cal.App.4th 91, at page 97, footnote 5.

of the Welfare and Institutions Code. The written order stated the finding was "temporary . . . pending further determination at a continued hearing," and the matter was continued until February 9 for "Further Detention." Indeed, the court's own comments indicate that it did not view the February 8 hearing as contested. The court told Father's counsel it was "going to have [her] come here tomorrow and decide whether [she was] really going to have a contested detention hearing or not."[4]

Moreover, the Agency's evidentiary burden at the initial detention hearing was light. It was required only to make "a prima facie showing . . . that the child comes within [Welfare and Institutions Code] Section 300." (See Welf. & Inst. Code, § 319, subd. (b).) The trial court found that this showing had been made, but " '[t]he words "prima facie" mean literally, "at first view," and a prima facie case is one which is received or continues until the contrary is shown and can be overthrown only by rebutting evidence adduced on the other side.' [Citation.]" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 972.)

Lastly, the trial court set the matter for a further detention hearing after Father's counsel requested a continuance. (Welf. & Inst. Code, § 322.) When a one-day continuance is granted, the juvenile court may continue to have the child detained upon a finding that continuing placement in the home of the parent or guardian would be contrary to the child's welfare. (Cal. Rules of Court, rule 5.672(a).) Such a finding, however, is made without prejudice to either party, and the court may "reevaluate the finding at the time of the continued detention hearing." (*Ibid.*) Accordingly, we cannot say that any findings at the February 8 initial detention hearing resolved contested facts related to the merits. (See *Depper v. Superior Court, supra,* 74 Cal.App.4th at p. 21 [summary probation revocation hearing did not involve determination of disputed facts where merits of revocation petition were to be resolved at subsequent hearing].)

---

[4] The court made this comment in response to the representation by Father's counsel that she would not be able to hire a social worker or gather other evidence by the following day, when the court had ordered her to return.

In short, the trial court's findings at the initial detention hearing were akin to the probable cause finding made at a preliminary hearing holding a criminal defendant to answer. (See *Barrett, supra,* 77 Cal.App.4th at p. 7.) They did not involve the resolution of any contested issue of fact related to the merits.

## III. *A Peremptory Writ in the First Instance Is Appropriate.*

In these circumstances, issuance of a peremptory writ in the first instance is appropriate. As a general rule, this court will employ "the accelerated *Palma* procedure . . . . only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . or where there is an unusual urgency requiring acceleration of the normal process." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) Here, these factors are present. There is no dispute as to the relevant procedural facts; we think it plain the trial court misinterpreted the governing statute; and there is an unusual urgency due to "the state's strong interest in the expeditiousness . . . of juvenile dependency proceedings." (*In re Zeth S.* (2003) 31 Cal.4th 396, 412; see *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 416 [*Palma* procedure appropriate where "(1) the papers before us adequately address the issues raised by the petition; (2) no factual dispute exists; (3) additional briefing is unnecessary, and (4) there is a compelling temporal urgency"].) This court has also provided adequate notice to the parties by inviting preliminary opposition from the real parties in interest. "Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance." (*C.C. v. Superior Court* (2008) 166 Cal.App.4th 1019, 1023.)

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of February 9, 2017, denying petitioner's section 170.6 challenge to the assigned judge, and to enter a new and different order disqualifying the judge from presiding in any proceedings in *In re E.R.* (Super. Ct. S.F. City and County, No. JD17-3035). To prevent further delays in the superior court proceedings, this decision shall be final as to this court five court days after its filing. (Cal. Rules of Court,

9

rule 8.490(b)(2)(A).)  The previously issued stay shall dissolve upon finality of this opinion.

Trial Court:   San Francisco City and County Superior Court

Trial Judge:   Hon. Susan M. Breall

Counsel:

Law Offices of Amanda Inocencio, Amanda Inocencio for Petitioner.