[Civ. No. 39380. First Dist., Div. Four. Apr. 5, 1977.]

PAMELA H., a Minor, Petitioner, v.
THE SUPERIOR COURT OF NAPA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

John L. Gatfield for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**CALDECOTT, P. J.**—Petitioner Pamela H., a juvenile, seeks a writ of mandate after Judge William L. Blanckenburg of the Napa County Superior Court, sitting as a juvenile court, denied her motion for disqualification under Code of Civil Procedure section 170.6.

Petitioner is charged in respondent court with running away from home (see Welf. & Inst. Code, § 601) and resisting arrest. A hearing was scheduled before Judge Blanckenburg for June 30, 1976. On June 12, 1976, petitioner's attorney was aware of the hearing date and of the assignment of Judge Blanckenburg. On June 25, petitioner's attorney filed with the court a motion to disqualify Judge Blanckenburg pursuant to Code of Civil Procedure section 170.6, with a supporting declaration.

■ Presented in this appeal is the issue of whether Code of Civil Procedure section 170.6, which provides for disqualification of a trial judge on motion supported by affidavits of prejudice, can constitutionally be applied in juvenile court cases. We conclude that it can.

In 1958, in *Johnson v. Superior Court,* 50 Cal.2d 693 [329 P.2d 5], the Supreme Court concluded that the statute was constitutional in a civil case. In the recent case of *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr. 460, 561 P.2d 1148], the Supreme Court ruled that section 170.6 is constitutional in a criminal case.

In *Solberg,* the Supreme Court referred to the *Johnson* case reaffirming its reasoning, by stating: "We then held that the method adopted by the Legislature for achieving its purpose was also reasonable. We first stressed the importance of maintaining the appearance as well as the fact of impartiality in the judicial system: the business of the courts, we observed, must be conducted in such a manner as will avoid even the 'suspicion of unfairness.' Secondly, we recognized the inherent difficulty of proving a state of mind such as prejudice, as well as the natural reluctance of courts to declare biased a judge who asserts that he is not. From these premises we reasoned that 'In order to insure confidence in the judiciary and avoid the suspicion which might arise from the belief of a litigant that the judge is biased in a case where it may be difficult or impossible for the litigant to persuade a court that his belief is justified, the Legislature could reasonably conclude that a party should have an opportunity to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body.' " (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 192-193 [137 Cal.Rptr. 460, 561 P.2d 1148].)

From the reasoning applied in *Johnson* and *Solberg,* we conclude that Code of Civil Procedure section 170.6 is equally applicable and constitutional in juvenile court proceedings.

■ The further point has been raised that the motion to disqualify was not timely filed. We find no merit in this contention. Code of Civil Procedure section 170.6 states in relevant part: "Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date."

In this case, since petitioner's attorney was aware of the case assignment on June 12, the disqualification motion had to be filed "at least five days before" June 30.

Petitioner correctly contends that June 25 is "at least five days before" June 30. The Attorney General argues that we should interpret the statute to require five *full* days to intervene between the date of the hearing and the date of filing the motion for disqualification, with the result that the last day to file the motion would have been June 24. This contention clearly flies in the face of Code of Civil Procedure section 12, which provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Under this section, we should exclude the first day (June 30), count back five days, and include the last day (June 25). A day is "the period of time between any midnight and the midnight following." (Gov. Code, § 6806.) Thus, a motion filed on June 25, 1976, was filed five days before the 30th, and was timely. (See *People* v. *Escobedo,* 35 Cal.App.3d 32, 40 [110 Cal.Rptr. 550]; *Eagle Maintenance & Supply Co.* v. *Superior Court,* 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745].)

Let a peremptory writ of mandate issue directing respondents to assign the case to a judge other than Judge William L. Blanckenburg.

Rattigan, J., and Christian, J., concurred.