[Civ. No. 22846. Third Dist. Jan. 17, 1985.]

STUART BROWN et al., Plaintiffs and Appellants, v.
JACK SWICKARD et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*The Procedural History and part I of this opinion are not certified for publication. (See Cal. Rules of Court, rules 976 and 976.1.)

## COUNSEL

Stockton & Schrimp and Roger Schrimp for Plaintiffs and Appellants.

Thornton & Franklin, Jack W. Thornton, Price, Burness, Price, Davis & Brown, Price, Price, Brown & Halsey and Phillip B. Price for Defendants and Respondents.

## OPINION

**SPARKS, J.**—In 1982 the California Legislature amended the statute governing peremptory challenges of judges by adding a special procedure for one judge courts. Beginning on January 1, 1983, that statute requires that a peremptory motion to disqualify the judge of a one judge court "shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion." (Code Civ. Proc., § 170.6, subd. (2).)[1] The issue in this case is whether the amended statute applies to the disqualification motion of a party who appeared in the action before the amendment's effective date but made the motion after that date. We hold that it does not. In the course of that holding we also explain the operation of this statute in change of venue cases.

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Plaintiffs Stuart Brown, Warren Wolfsen and James Diener appeal from two adverse summary judgments, which together resulted in the dismissal of their action as to all defendants. The action arose out of a grazing agreement and the subsequent injury to plaintiffs' cattle. Plaintiffs advance several contentions on appeal, including the argument that because they timely moved under section 170.6 to disqualify the trial judge from hearing the first motion for summary judgment, the judge's rulings on both summary judgment motions are void. We agree with this contention and shall reverse.

## PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## II

Plaintiffs argue that their peremptory challenge to the trial judge, made under section 170.6 and filed five days before the hearing on the first motion for summary judgment, was timely and consequently deprived the challenged judge of jurisdiction to rule on the motions. They assert that all of the judge's subsequent rulings and judgments were therefore void. Plaintiffs further contend that the 1982 amendment to section 170.6, subdivision (2)[7] has no application to this case because it did not become effective until

---

*See footnote, *ante,* page 822.

[7]Code of Civil Procedure section 170.6, subdivision (2), provides in its entirety: "Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, court commissioner, or referee. Where the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. In no event shall any judge, court commissioner, or referee entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

January 1, 1983, almost a year after the action had been transferred from Merced County to Lassen County and more than one year after plaintiffs first appeared in the action. Defendants counter that the new 30 days limitation period should begin to run as of the effective date of the amendment, here January 1, 1983, and that a peremptory challenge in an existing case venued in a one judge court was therefore required to be made on or before January 30, 1983.

Procedural, and not substantive, facts are important for this issue. Plaintiffs filed their complaint in the Superior Court of the County of Merced on September 11, 1981. On December 31, 1981, defendants' motion for change of venue, requesting that the action be transferred to the County of Lassen, was granted.[8] Receipt for the transfer of the file from Merced County to Lassen County was filed in Lassen County on January 25, 1982.

On March 23, 1983, more than a year later, and after defendants Jack Swickard and Five Dot Land & Cattle Co. had filed their motion for summary judgment, plaintiffs filed a peremptory challenge to disqualify Judge Joseph D. Harvey of the Superior Court of Lassen County from hearing the motion. On March 28, the day of the hearing, Judge Harvey denied the motion as untimely. Judge Harvey then granted the motion for summary judgment. Judgment of dismissal as to those moving defendants was filed on March 29, 1983.

Previously, on March 2, 1983, defendants Tim and Todd Swickard and Mapes Ranch Inc. had filed their motion for summary judgment. The hearing on that motion was held on April 4, 1983, and the motion was also granted by Judge Harvey as to those defendants. The formal order dismissing the action as to them was filed on April 12, 1983. This appeal followed.

The question on appeal is whether the peremptory challenge was timely filed. As we observed in *In re Abdul Y.* (1982) 130 Cal.App.3d 847 [182 Cal.Rptr. 146], "Code of Civil Procedure section 170.6 provides in substance that any party to an action may make a motion, supported by an affidavit of prejudice, to disqualify the trial judge, commissioner, or referee. If the motion is timely and properly filed, the judge must recuse himself without further proof and the cause must be reassigned to another judge. When an affidavit of prejudice has been timely filed, the judge's disqualification is automatic and mandatory. Once properly and timely challenged, the judge loses jurisdiction to proceed and all his subsequent orders and judgments are void." (*Id.,* at pp. 854-855, fn. and citations omitted.)

---

[8]Merced County has three judges of the superior court while Lassen County only has one. (Cal. Const., art. VI, § 4; Gov. Code, § 69589.)

In order to be effective the statute requires that the peremptory challenge must be timely and in all events made before the hearing has commenced. "The general rule established by section 170.6," the Court of Appeal noted in *Los Angeles County Dept. of Pub. Social Services* v. *Superior Court* (1977) 69 Cal.App.3d 407, 412 [138 Cal.Rptr. 43], "is that disqualification is permitted at any time prior to commencement of the trial or hearing. Two exceptions are provided—the 10-day-5-day provision and the master calendar provision."[9] Later another timetable was added to the triumvirate of the general rule and these two exceptions. "The fourth leg of the statutory timetable derives from the 1965 amendment to Code of Civil Procedure section 170.6 which added: 'The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and *not involving a determination of contested fact issues relating to the merits* shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided.'" (*In re Jose S.* (1978) 78 Cal.App.3d 619, 626 [144 Cal.Rptr. 309]; italics in original.) As the statute had been construed prior to the 1965 amendment, a challenge was not timely if it was made after the challenged judge had heard and ruled upon any contested issues of law or fact. (*Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195, 200 [41 Cal.Rptr. 721].) The 1965 amendment made it clear, however, that an otherwise timely motion to disqualify the trial judge could also be properly made after any hearing or proceeding held prior to trial so long as the determination of a contested fact issue did not relate to the merits. (*Kohn* v. *Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal.Rptr. 832].) Thus the 1965 "addition preserves the right of a party to disqualify a judge under Code of Civil Procedure section 170.6 notwithstanding the fact the judge had heard and determined an earlier demurrer or motion, or other matter not involving 'contested fact issues' relating 'to the merits' without challenge in the same cause." (*In re Jose S., supra,* 78 Cal.App.3d at p. 626.) If, on the other hand, the judge has presided at a prior, pretrial hearing involving a contested issue of fact relating to the merits, a subsequent peremptory challenge is untimely and ineffective as a matter of law. (*In re Abdul Y., supra,* 130 Cal.App.3d at p. 861; *People* v. *Richard* (1978) 85 Cal.App.3d 292, 299 [149 Cal.Rptr. 344].)

---

[9]The master calendar exception, by definition, does not apply to a one judge court. One judge courts necessarily use the individual calendar system. Under the master calendar system, mandatory in all courts composed of three or more judges, all civil cases assigned trial dates are placed on a master calendar composed of all the cases set for trial on a given date. On the assigned date the calendar is called and the ready cases transferred to any department of the court that is available. (Cal. Rules of Court, rule 223.) In courts with a master calendar the statute requires that the motion to disqualify must be made to the judge supervising the calendar "not later than the time the cause is assigned for trial." (§ 170.6, subd. (2).)

The 1982 amendment to subdivision (2) of section 170.6 added a fifth leg to the statutory timetable. This amendment introduced a new deadline for disqualifying trial judges in courts with only one judge. The amendment reads: "If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion." (Stats. 1982, ch. 1644, § 2, pp. 6682-6683.) As the Supreme Court had noted five years earlier in *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 195 [137 Cal.Rptr. 460, 561 P.2d 1148], "[i]n a single-judge court a litigant who files a motion to disqualify [under section 170.6] automatically obtains a significant delay while an outside judge is brought into the case." The 1982 amendment was sponsored by the California Judges Association because of its view that peremptory challenge motions were often used to delay matters and to gain a tactical advantage over opponents. That abuse, in the opinion of the Association, caused particular hardship in the small or rural courts. (See Assem. Office of Research, 3d Reading Analysis of Assem. Bill No. 2593 (1981-1982 Reg. Sess.).)

The facts of this case bring the issue now before us into focus. Plaintiffs' lawsuit was filed in September 1981 and then was transferred to the Superior Court of the County of Lassen, a county with only one superior court judicial seat, in January of 1982, both events occurring *before* the effective date of amended section 170.6. Plaintiffs moved to disqualify the trial judge on March 23, 1983, *after* the January 1, 1983, effective date, and only five days before the hearing on defendants' motion for summary judgment. We must decide whether plaintiffs were required to move to disqualify the judge within 30 days of January 1, 1983, under the amended version of section 170.6, or whether the preamendment 10-day/5-day rule applied.

We begin by noting that the amended statute requires that a motion to disqualify in a one judge court must be made before the expiration of 30 days measured from "the date of the first appearance in the action of the party who is making the motion . . . ." (§ 170.6, subd. (2).) As section 170.6 does not provide a definition of "appearance," we shall use the generally accepted definition: First appearance for a party is when he submits to the jurisdiction of the court. (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 98, p. 623, § 118, pp. 646-647.) In the case of a plaintiff that initial submission occurs when he originally files his complaint because "the plaintiff by bringing the action, submits himself to the jurisdiction of the court with respect to his cause of action." (*Id.,* at p. 623.) Consequently, "[t]he plaintiff appears when he files his complaint subscribed by himself

or his attorney." ■ ■■ ■ (*Lyons* v. *State of California* (1885) 67 Cal. 380, 384 [7 P. 763].)[10]

As we have recounted, plaintiffs here filed their lawsuit in the Superior Court of the County of Merced on September 11, 1981, and thereby made their first appearance in that court. On December 31, 1981, defendants' motion for change of venue was granted and the case was ordered transferred to the County of Lassen. The clerk of the Merced County Superior Court thereafter transmitted the papers and pleadings to the Lassen County Superior Court. Receipt for the transfer of papers and fees to the Superior Court of the County of Lassen was dated January 25, 1982. As of that date, the Lassen court assumed jurisdiction over the case as if it had originally been commenced there. (§ 399; see *Moore* v. *Powell* (1977) 70 Cal.App.3d 583, 587-588 [138 Cal.Rptr. 914].) That date would also signify the date of plaintiffs' first appearance in that court.

■ We now turn to the central issue whether a party who has made an appearance in a court prior to the effective date of the amendment to section 170.6 must meet the 30-day rule introduced by the amendment. Since the act which starts the statutory clock—the movants' first appearance in the lawsuit—was performed prior to the enactment of the amendment, any application of the statute to that act would obviously constitute a retroactive one. ■ " 'A retrospective law is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' " (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 391 [182 P.2d 159], citations omitted.)

■ Defendants wisely do not argue that the amendment should be applied retroactively to the date of the original filing of the complaint in September 1981, thereby depriving plaintiffs of any right to file a timely challenge. Indeed, they could not sensibly tender such an argument since the California Supreme Court "has consistently held that a statute should not be given retroactive effect so as to deprive an individual of a pre-existing right unless the Legislature has clearly expressed its intention to accomplish that end." (*Henrioulle* v. *Marin Ventures, Inc.* (1978) 20 Cal.3d 512, 520 [143 Cal.Rptr. 247, 573 P.2d 465]; citations omitted.) Instead, defendants

---

[10]By statute, "[a] defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., § 1014.) But, as Witkin accurately observes, the "cases make it clear that acts in addition to those specified in the statute may amount to a general appearance." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 118, p. 647.)

In sum, any act by a defendant may constitute an appearance if it unequivocally shows his submission to the general jurisdiction of the court. (*Altpeter* v. *Postal Telegraph-Cable Co.* (1915) 26 Cal.App. 705, 713 [148 P. 241].)

argue that the time should start to run on January 1, 1983, when the amendment first became effective and when the case was then venued in a one judge court. We find this partial retroactivity argument unconvincing.

■ The central inquiry on retrospective application of a statute is whether the Legislature intended the amendment to operate retroactively. (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371].) Our search reveals nothing which suggests such a legislative intent. First of all, the statute is silent on its application to pending cases where appearances have already been made.[11] We note also that there are no expressions of legislative intent bearing on the question in the legislative history of the amendment. Moreover, nothing can be gleaned from the legislative drafting process as there were no textual changes to this part of the amended version of section 170.6 from the date it was first introduced until its final enactment. Finally, it is settled that "the legislative intent in favor of the retroactive operation of a statute cannot be implied from the mere fact that the statute is remedial and subject to the rule of liberal construction." (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com., supra,* 30 Cal.2d at p. 395.)

■ Our reading of the text of section 170.6 convinces us that section 170.6 can be only applied prospectively to appearances made on or after January 1, 1983. The key language of the statute is "the motion shall be made before the expiration of 30 days *from the date of the first appearance in the action* of the party who is making the motion." (§ 170.6, subd. (2); italics added.) Since plaintiffs first appeared in the action on September 11, 1981, more than a year before the enactment of the amendment, it was obviously impossible for them to comply with a statute not yet in existence. They also first appeared in Lassen County on the change of venue in January 25, 1982, some 11 months before the statute became effective. Consequently it was also impossible for plaintiffs to comply with the statute within 30 days from the date of their first appearance in the venued court. Thus, no matter how the first appearance requirement is construed in change of venue cases, the statute could not be applied to plaintiffs' motion without impermissibly depriving them of preexisting rights.

It is true that section 170.6, subdivision (2) has provided since its original enactment that "[i]n the case of trials or hearings not herein specifically

---

[11]Section 3 provides: "No part of [this code] is retroactive, unless expressly so declared." But as the court noted in *Bouquet,* this language does not limit the search for such an express declaration to the statutory language itself. (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587, fn. 3 [128 Cal.Rptr. 427, 546 P.2d 1371].) Be that as it may, the expression must nonetheless be that of the Legislature and it must be found in some legislative source which illuminates the collective intent of that body. (See *Thompson* v. *Modesto City High School Dist.* (1977) 19 Cal.3d 620, 625, fn. 3 [139 Cal.Rptr. 603, 566 P.2d 237].)

provided for, the procedure herein specified shall be followed as nearly as may be." (See Stats. 1957, ch. 1055, § 1, p. 2289.) It is also true that disqualification hearings after a change of venue from a multijudge court to a one judge court are not specifically provided for in the statute. In cases transferred on venue motions from courts with two or more judges literal compliance with the statute will normally be impossible because the first appearance would be in a multijudge court and transfer to a single judge court would inevitably occur more than 30 days after the appearance. Thus the statute, in such an unaccounted for case, compels the court to fashion a procedure as nearly identical to its other terms as the circumstances permit. Since first appearance is the triggering event under the statute, we construe that statutory directive in venue cases to mean that when a party first appears in a court of two or more judges after January 1, 1983, and the case is thereafter transferred to a one judge court, the disqualification motion must be made before the expiration of 30 days from the noticed date of the moving party's first appearance in the one judge court.[12] This construction, however, does not help defendants because they first appeared in the one judge court before January 1, 1983.

Defendants, nevertheless, would have us interpret the amendment as if it read 30 days from the effective date of the statute no matter when the moving party appeared in the action or in the one judge court. Such a labored construction, ignoring both the statute's express and implied terms to the contrary, has little to commend itself. In the interests of procedural fairness, we decline defendants' invitation to twist this statute into an inscrutable judicial puzzle indecipherable by litigants. Similar concerns for fair notice have led to the rule of construction that a procedural statute which may otherwise validly be given a retrospective operation will ordinarily, for equitable reasons, be construed as prospective, unless the legislative intent to make it retroactive clearly appears. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 288, p. 3578, and cases cited there.) While the precise issue tendered by defendants is not retroactive application of a statute, the same consideration of fairness to parties applies. What is involved is a weighing of the interest of reasonable notice to parties wishing

---

[12]Section 399 requires that the clerk of the court to which the action is transferred "shall mail notice to all parties who have appeared in the action or special proceeding, stating the date of the filing of the case and number assigned to the case in such court." Because the exact date of that first appearance is not ordinarily known by the litigants until notice is sent by the receiving court, the time should start to run from the date of the notice. We hold, therefore, that the 30-day period commences upon service of this statutory notice. Section 1013, subdivision (a), we note in passing, further provides that the service of notice is complete at the time of the deposit but "any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside of the State of California but within the United States, and 20 days if the place of address is outside the United States, . . ."

to disqualify a judge and the efficient administration of the courts. On the one hand, the statute does not provide clear notice to parties making appearances in the action and in the venued court prior to January 1, 1983, that the 30-day rule somehow applies to them. These parties would have to guess as to what was required of them after January 1, 1983. On the other hand, the amendment was intended to promote efficient operation of one judge courts; motions to disqualify a judge filed just five days before a hearing or trial can cause delays and scheduling problems in those courts. Absent a clear legislative expression that the new procedures were intended to apply to pre-1983 appearances, we conclude that the requirements of fair and adequate notice to a party must prevail in the weighing of those scheduling problems. The impossibility of fulfilling the clear terms of the 30-day rule suggests only one fair reading of the statute: the amendment cannot apply to parties who first appeared in the action before January 1, 1983. This means that the preamendment 10-day/5-day provisions apply.

Next we must decide whether plaintiffs met the 10-day/5-day provisions of section 170.6. We hold they did. Section 170.6, subdivision (2) requires that the motion be made "at least five days before" the date which had been fixed for the hearing. Here, plaintiffs' peremptory challenge was filed on March 23, 1983; the date set for hearing on defendants' motion for summary judgment was March 28. The time is computed by excluding the first day and including the last. (§ 12.) The motion was therefore timely. (*Pamela H.* v. *Superior Court* (1977) 68 Cal.App.3d 916, 919 [137 Cal.Rptr. 612]; *Parnell* v. *Superior Court* (1976) 61 Cal.App.3d 430, 431 [132 Cal.Rptr. 535]; and see *People* v. *Escobedo* (1973) 35 Cal.App.3d 32, 35-39 [110 Cal.Rptr. 550].) ■ (See fn. 13.) Accordingly, we conclude that the trial judge erred in ruling that plaintiffs' motion was untimely under section 170.6.[13]

The first sentence of section 170.6, subdivision (1) unambiguously states that no judge who has been disqualified under that section shall hear any

---

[13]It is settled that the challenged judge may rule on the timeliness of a peremptory challenge. (*Micro/Vest Corp.* v. *Superior Court* (1984) 150 Cal.App.3d 1085, 1089 [198 Cal.Rptr. 404]; *Andrews* v. *Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 294 [48 Cal.Rptr. 646].) In contrast, a judge challenged for cause under former section 170 could not "hear or pass upon any question of fact or law concerning his or her disqualification . . . ." (§ 170, subd. (e), repealed by Stats. 1984, ch. 1555, § 1, p.—; see also *Penthouse International, Ltd.* v. *Superior Court* (1982) 137 Cal.App.3d 975 [187 Cal.Rptr. 535].) Under the new statute dealing with challenges for cause, the challenged judge may likewise pass upon the timeliness of the motion. Effective January 1, 1985, new section 170.4, subdivision (b) provides that "if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." (Stats. 1984, ch. 1555, § 8, p. —.)

matter therein which involves a contested issue of law or fact. ■ Disqualification, moreover, is not limited to the particular motion, but deprives the judge of jurisdiction in all further contests in that action. (*Brown* v. *Superior Court* (1981) 124 Cal.App.3d 1059, 1061 [177 Cal.Rptr. 756].)

■ Here, plaintiffs' timely motion to disqualify Judge Harvey from hearing defendants' (Jack Swickard and Five Dot Land & Cattle Co.) motion for summary judgment not only deprived the judge of jurisdiction to rule on that motion, but also of jurisdiction to rule on remaining defendants' motion for summary judgment. The result is that the summary judgments in favor of all defendants are void for want of jurisdiction. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190 [137 Cal.Rptr. 460, 561 P.2d 1148]; *In re Robert P.* (1981) 121 Cal.App.3d 36, 43 [175 Cal.Rptr. 252]; 1 Witkin, Cal.Procedure (2d ed. 1970) Courts, § 98, pp. 369-370.) On remand, a judge other than Judge Harvey shall hear the cause.

The judgments are reversed.

Carr, Acting P. J., and Fields, J.,* concurred.

Petitions for a rehearing were denied February 13, 1985, and respondents' petitions for a hearing by the Supreme Court were denied March 14, 1985. Bird, C. J., Mosk, J., and Reynoso, J., were of the opinion that the petitions should be granted.

*Assigned by the Chairperson of the Judicial Council.