[No. C000743. Third Dist. Mar. 19, 1987.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
BRYON R. SMITH, Real Party in Interest.

**428**

COUNSEL

John A. Dougherty, District Attorney, and Douglas R. Benham, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Don L. Stockett for Real Party in Interest.

OPINION

BLEASE, Acting P. J.—This matter arises on an original petition for writ of mandate. The sole question concerns the statutory 30-day limitations period for peremptory challenge of the judge in a court with only one judge. Byron Smith, real party in interest, is charged in such a court with certain misdemeanors. He contends the period runs from the date of first appearance of the party or of his counsel. Petitioners, the People, contend the period runs only from first appearance of the party. The People seek mandamus relief from a superior court ruling upholding Smith's view. We will issue a peremptory writ commanding the superior court to vacate its ruling.

FACTS

Smith is charged with two misdemeanor counts in a complaint filed in the South Sacramento County Judicial District. Government Code section 74206 states that in that district: "There shall be one judge." Smith was arraigned on May 21, 1986. On June 16, 1986, defense counsel made his first appearance in the case. On June 26, 1986, the defense filed a written motion for peremptory challenge. On July 14, 1986, the municipal court denied the challenge as untimely. Thereafter, Smith filed an action in the superior court seeking a writ of mandate compelling the municipal court to

grant the motion for peremptory challenge. The cause was submitted on stipulated facts and on September 11, 1986, judgment was rendered directing issuance of the writ Smith sought. Thereafter, the People filed an original petition in this court seeking mandamus relief from the judgment of the superior court.

## DISCUSSION

Code of Civil Procedure section 170.6, subdivision (2) states in pertinent part: "If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion."[1] The parties tender two readings of this provision. Smith suggests it means the motion must be made within "30 days from the date of the first appearance in the action of the party who is making the motion or [the attorney who is making the motion]." The People insist it means within "30 days from the date of the first appearance in the action of the party [by whom or on whose behalf the motion is made]." The People proffer the only reading faithful to the text of the statute and no persuasive reason impels a departure from that text.

The question is: 30 days from the first appearance of whom? The statute answers: "of *the party* who is making the motion or whose attorney is making the motion." (§ 170.6; italics added; see also *Brown* v. *Swickard* (1985) 163 Cal.App.3d 820, 826-827 [209 Cal.Rptr. 844].) If it were to be read as Smith suggests it would say: "of *the party* who is making the motion or *the attorney* who is making the motion." "Whose" does not equal "who is," to say nothing of word order.

Despite the statute's clear language, Smith maintains that the provision is not meant to deny a right to peremptory challenge premised on counsel's

---

[1]The portion of section 170.6, subdivision (2) quoted above is preceded by the following language. "(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge, court commissioner, or referee before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, court commissioner, or referee. Where the judge, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial."

belief where counsel first appears more than 30 days after the party. ■ "However, if statutory language is 'clear and unambiguous there is no need for construction, and courts should not indulge in it.' (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) ■ Unless [Smith] can demonstrate that the natural and customary import of the statute's language is either 'repugnant to the general purview of the act,' or for some other compelling reason, should be disregarded, this court must give effect to the statute's 'plain meaning.' (2A Sutherland, Statutory Construction (4th ed. 1973) § 46.01, p. 49.)" (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; also see, e.g., Code Civ. Proc., § 1858.)

Smith proffers one intelligible argument in his effort to establish the ambiguity of the apparently clear language.[2] He suggests that the literal reading is repugnant to the tenor of section 170.6. The statute generally permits peremptory challenge based upon the declared belief of either the party or his attorney. Smith argues that if the 30-day limit pertains only to the party, this dual basis for challenge is extinguished when counsel enters the lawsuit too late to make the motion. However, divergence between the general rule and the apparent rule given for a particular kind of circumstance only undercuts the latter where the divergence is inexplicable as other than a mistake. (Cf. Code Civ. Proc., § 1859.)

In the judgment of the Legislature, the particular circumstance of a one-judge court requires a special rule concerning early use of the right to peremptory challenge. (*Brown* v. *Swickard, supra,* 163 Cal.App.3d at p. 826.) A legislative decision that the appropriate rule in all cases is 30 days from the appearance of the party is not inherently incredible. The right to a peremptory challenge is subject to various conditions which have no stated exception for a late appearing counsel. Where the judge hears a preliminary matter involving a fact contest no provision is made for peremptory challenge for counsel retained thereafter. Where one peremptory challenge has been made, there is no provision for afteracquired counsel to bring another. In sum, a rule that the right to peremptory challenge lapses after 30 days from appearance of a party in a one-judge court "is not repugnant to the general purview" of section 170.6.

---

[2]Smith's other argument is that in the original draft of Assembly Bill No. 2593, 1981-82 Regular Session, did not include the words "or attorney." This bill was the vehicle for the amendment to section 170.6 which established the 30-day limitations period here in issue. Smith says that these words were added in an amendment of the bill during the legislative process. He argues that rejecting his reading renders this alleged addition superfluous. Smith gives us no clue to the place in the statute where these words, originally missing, were allegedly inserted. We have reviewed every version of the bill and can find no support for Smith's claim of amendment.

## Disposition

The alternative writ is discharged and the stay of proceedings is dissolved. Let a peremptory writ issue directing the respondent superior court to set aside the judgment in case number 342145 and to enter a new judgment consistent with the conclusions of law set forth in this opinion.

Carr, J., and Sparks, J., concurred.