Filed 4/8/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| PAUL LEE JONES et al., | C080359 |
| Petitioners, | (Super. Ct. No. TF15000425B) |
| v. | |
| THE SUPERIOR COURT OF NEVADA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate. Stay issued. Petition granted. Robert L. Tamietti, Judge.

PORTER SIMON and Ravn R. Whitington for Petitioner Paul Lee Jones.

John T. Ward for Petitioner Grayson Lee Jones.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Real Party in Interest.

1

Code of Civil Procedure section 170.6 delineates the process by which a litigant may exercise a peremptory challenge against a superior court judge and imposes various procedural deadlines for filing such a challenge.[1]  Under subdivision (a)(2) of section 170.6, a 30-day deadline to file a peremptory challenge after the initial appearance applies "[i]f the court in which the action is pending is authorized to have no more than one judge."  This one-judge-court deadline requirement predates the unification of municipal and superior courts in California, when there were still counties for which the Government Code authorized only one superior court judge.  Today, the Government Code authorizes at least two superior court judges for every county in California.  (Gov. Code, §§ 69580-69611.)

The question in this case concerns whether the one-judge-court deadline under section 170.6 has become irrelevant because there are no longer any counties with only one superior court judge, or whether the one-judge-court deadline should be adapted to apply to branches of superior courts for which there is only one assigned judge.  In this case, petitioners Paul Lee Jones and Grayson Lee Jones challenge the denial of their peremptory challenge against Judge Robert L. Tamietti, the sole judge assigned to the Truckee branch of the Nevada County Superior Court.  The denial was based on grounds the challenges were untimely under the 30-day deadline for a one-judge court.

We conclude a branch of the superior court with only one *assigned* judge is not a court for which a single judge is *authorized* for purposes of the one-judge court deadline under section 170.6.  Petitioners' challenges were timely because they complied with the deadline imposed by section 170.6 that provides 10 days to file a peremptory challenge after receiving notice of an all-purpose assignment.  We decline the invitation of real party in interest, the People, to allow constructive notice of an all-purpose assignment to

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

2

substitute for actual notice to a party filing a peremptory challenge. No technical defects other than timeliness are alleged for petitioners' peremptory challenges. Accordingly, we discharge the alternative writ and issue a peremptory writ directing the trial court to vacate its order denying the challenges to disqualify Judge Tamietti and to accept the challenges.

FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2015, a felony complaint was filed in Nevada County Superior Court to charge petitioners with one count of possession of cash money in excess of $100,000 for unlawful purchase or sale of marijuana in violation of Health and Safety Code section 11370.6, subdivision (a). The face of the complaint was stamped: "Assigned to Judge Robert L. Tamietti For All Purposes." The court's docket indicates it calendared the matter for arraignment before Judge Tamietti in "Dept A – Main Courtroom" of the Truckee branch of the Nevada County Superior Court.

The district attorney sent petitioners a notice to appear informing them a complaint had been filed and instructing them to appear in court on August 10, 2015. However, the notice to appear did not include a copy of the complaint.

On August 10, 2015, defense attorney Ravn Whitington appeared on behalf of petitioners at the Truckee branch of the Nevada County Superior Court. Petitioners, who live in Georgia, did not personally appear because they had filed waivers of personal appearance three days earlier. The matter was continued to September 15, 2015, for arraignment and for defense counsel to provide actual, non-scanned signatures on petitioners' own-recognizance bond paperwork. Whitington did not receive a copy of the complaint on August 10, 2015.

On September 15, 2015, Whitington appeared on behalf of Paul Lee Jones and attorney John T. Ward appeared on behalf of Grayson Lee Jones. Judge Tamietti proceeded with the arraignments and pleas of not guilty were entered on behalf of petitioners. The matter was continued to October 13, 2015, for a hearing on *Pitchess*

3

motions (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [motion to discover material contained in the personnel file of a law enforcement officer]) and to October 20, 2015, for a felony conference. No copy of the complaint was presented to either defense attorney at the arraignment.

On September 16, 2015, Whitington and Ward conferred and decided to obtain a file-endorsed copy of the complaint. At that point, Whitington had only a copy of the complaint that was produced by the district attorney through discovery on August 3, 2015. That copy was not file-endorsed nor did it bear the stamp indicating the case had been assigned to Judge Tamietti for all purposes. The record suggests the all-purpose assignment was stamped by the clerk of the court onto the complaint upon filing. Ward obtained a copy of the file-stamped complaint in the afternoon on September 16, 2015. This constituted the first notice the defense received that the case had been assigned to Judge Tamietti for all purposes.

The next day, on September 17, 2015, Whitington and Ward filed peremptory challenges on behalf of petitioners to disqualify Judge Tamietti under section 170.6. On September 18, 2015, the trial court filed an order denying the peremptory challenges as untimely on grounds that more than 30 days had elapsed since the initial appearance in a court with only one judge.

Petitioners filed in this court a petition for writ of mandate/prohibition and requested an immediate stay of proceedings. On October 9, 2015, this court issued a stay of all further proceedings in the trial court. The People filed a preliminary opposition. On November 30, 2015, this court issued an alternative writ of mandate. The People then filed a return to the writ, and petitioners filed a reply.

DISCUSSION

## I

### *Review of Denial of a Peremptory Challenge under Section 170.6*

As this court has previously explained, "An order denying a peremptory challenge is not an appealable order and may be reviewed only by way of a petition for writ of mandate. (§ 170.3, subd. (d).)" (*Daniel V. v. Superior Court* (2006) 139 Cal.App.4th 28, 39.) Before examining section 170.6's deadlines for peremptory challenges to a judge, we note that "[t]he general principles that guide interpretation of a statutory scheme are well established. When assigned the task of statutory interpretation, we are generally guided by the express words of the statute. ' " 'Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] To ascertain such intent, courts turn first to the words of the statute itself [citation], and seek to give the words employed by the Legislature their usual and ordinary meaning. [Citation.] When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. (. . . § 1858.) The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute [citation], and where possible the language should be read so as to conform to the spirit of the enactment. [Citation.]' " [Citations.]'" (*County of Los Angeles v. Williamsburg National Ins. Co.* (2015) 235 Cal.App.4th 944, 952-953, quoting *People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1198.) We review questions of statutory interpretation under the de novo standard of review. (*Bruns v. E–Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 724.)

## II

### *Deadlines for Peremptory Challenges under Section 170.6*

Petitioners contend the trial court erred by relying on the 30-day deadline articulated by section 170.6 for one-judge courts when the Truckee branch of the Nevada

5

County Superior Court is not a one-judge court for purposes of a peremptory challenge. The contention has merit.

## A.

### *Section 170.6*

As the California Supreme Court has explained, "[a]s a general rule, a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing. (*Shipp v. Superior Court* (1992) 5 Cal.App.4th 147, 150; *Los Angeles County Dept. of Public Social Services v. Superior Court* (1977) 69 Cal.App.3d 407, 412.) If the general rule applies, petitioner's challenge is timely." (*People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1171-1172 (*Lavi*).) This general rule is subject to several shorter deadlines that are set forth in subdivision (a)(2) of section 170.6 as follows:

"If the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to, or who is scheduled to try, the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date [*the '10-day/5-day deadline'*]. If directed to the trial of a cause with a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial [*the 'master calendar deadline'*]. If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance [*the 'all purpose assignment deadline' in criminal cases*]. If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance [*the 'all-purpose assignment deadline' in civil cases*]. If the court in which the action is pending is authorized to have no more than one judge, and the motion

6

claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. In no event shall a judge, court commissioner, or referee entertain the motion if it is made after the drawing of the name of the first juror, or if there is no jury, after the making of an opening statement by counsel for plaintiff, or if there is no opening statement by counsel for plaintiff, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced [*the 'one-judge court deadline'*]. If the motion is directed to a hearing, other than the trial of a cause, the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not specifically provided for in this paragraph, the procedure specified herein shall be followed as nearly as possible. The fact that a judge, court commissioner, or referee has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided." (Brackets and italics added.)

In this proceeding, we are called on to decide the applicability of the one-judge court and the all-purpose assignment deadlines. Aside from the issue of timeliness, there is no dispute the petitioners' peremptory challenges are technically sufficient. Thus, if the peremptory challenges were filed before the deadlines imposed by subdivision (a)(2) of section 170.6, the challenges to Judge Tamietti must be allowed.

## B.

### *The One-Judge Court Deadline*

Subdivision (a)(2) of section 170.6 sets the deadline for a one-judge court by providing that "[i]f the court in which the action is pending is *authorized* to have no more than one judge . . . the motion shall be made before the expiration of 30 days from the

7

date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion." (Italics added.)

This court previously considered the deadline imposed by section 170.6 for a one-judge court in *People v. Superior Court* (*Smith*) (1987) 190 Cal.App.3d 427. *Smith* was decided at a time when there were still superior courts for which the Government Code authorized only one judge. (*Id.* at p. 428.) The issue in *Smith* concerned whether the deadline for a one-judge court runs from the date of the first appearance of a party or the party's attorney. (*Ibid.*) For our purposes, the lesson of *Smith* is that the determination of whether a particular court is a one-judge court turns on the Government Code. In *Smith*, the peremptory challenge was directed to a judge in what was then the South Sacramento County Judicial District. (*Id.* at p. 428.) For that district, former Government Code section 74206 stated: "There shall be one judge." (*Ibid.*, quoting Gov. Code, former § 74206, repealed by Stats. 2002, ch. 784, § 445, p. 4862.) Based on the Government Code, this court applied the analysis for a one-judge court to conclude a party's first appearance -- even if made without counsel -- starts the 30-day period for filing a peremptory challenge. (*Id.* at pp. 428-429.)

The same statutorily based approach was followed in this court's subsequent decision in *Brown v. Swickard* (1985) 163 Cal.App.3d 820 (*Brown*). *Brown* presented the question of whether a party who appeared in a case before an amendment of section 170.6 became effective was bound by the amended deadline for a one-judge court. (*Id.* at p. 823.) This court concluded the amendment did not have retroactive effect. (*Ibid.*) In reaching this conclusion, this court relied on the Government Code to distinguish between the then one-judge court for the County of Lassen and the then three-judge court for the County of Merced. (*Id.* at p. 824, fn. 8, citing Gov. Code, former § 69589, revised

8

by Stats. 2002, ch. 784, § 257, p. 4828.)[2] Because the case was transferred from Merced County to Lassen County before the amendment to section 170.6, the new deadline for a one-judge court did not apply in *Brown*. (*Id.* at p. 826.)

As pertinent to this case, Government Code section 69590.7 provides that "[i]n the County of Nevada there are six judges of the superior court." Because there are six *authorized* judges in the Nevada County Superior Court, the one-judge court deadline provided by subdivision (a)(2) of section 170.6 does not apply. Consequently, Judge Tamietti erred in applying the one-judge court deadline in this Nevada County case.

The People argue Judge Tamietti is the only *assigned* judge for the Truckee branch of the Nevada County Superior Court. Thus, the People urge us to conclude a multi-branch court can be subject to the one-judge court deadline when a case is filed in a branch with only one assigned judge. We disagree.

Only the Government Code determines how many judges are *authorized* for a particular county. (Gov. Code, §§ 69580-69611 [specifying the number of authorized judges for each of California's counties].) In specifying the number of authorized judges for each county, the Legislature has not divided the number by branch or division -- even for large counties with dozens of judges. (See *ibid.*) Instead, the Government Code specifies the number of judges authorized for each county as a whole. (*Ibid.*)

Within counties such as Nevada County, judges may be assigned to various branches. (E.g., Super Ct. Nevada County, Local Rules, rule 1.04.)[3] Even so, local rule 1.04 reflects that all of the authorized judges in Nevada County comprise a single court when it states: "The word 'court' shall mean the unified Superior Court of the State of

---

[2]    Lassen County now has two authorized judges and Merced County has six. (Gov. Code, §§ 69585.9 [Lassen], 69589 [Merced].)

[3]    Undesignated references to rules are to the Superior Court of Nevada County Local Rules.

9

California, County of Nevada, and shall include and apply to all branches of the court . . . ." However, the assignments to branches of a court are not statutorily mandated. In Nevada County, the local rules recognize the assignment of a judge to a branch in Truckee as follows: "Five judges regularly sit in the Nevada City Branch and one judge regularly sits in the Truckee branch. Specific judicial assignments may rotate as directed by the Presiding Judge." (Local rule 2.05(A).) Local rule 2.05 provides that "[t]he presiding judge may, from time to time, transfer cases to and from the Truckee branch to meet the business demands of the court." (*Id*. at 2.05(C).) Even though there may be only one judge assigned to the Truckee branch, the local rules recognize the Truckee branch is part of a court with six authorized judges and case assignments may be transferred at the discretion of the presiding judge. Thus, the one-judge court deadline does not apply to peremptory challenges filed under section 170.6 in the Truckee branch of the Nevada County Superior Court.

We decline to conflate courts for which one judge is authorized with branches of a court in which only one judge is assigned. In setting forth the one-judge court deadline, subdivision (a)(2) of section 170.6 expressly limits its application to instances in which a "court in which the action is pending is *authorized* to have no more than one judge." (Italics added.) Other deadlines in subdivision (a)(2) expressly apply to cases in which a particular judge is *assigned*. For example, the all-purpose assignment deadline for criminal cases refers to "a criminal cause that has been assigned to a judge for all purposes." (§ 170.6, subd. (a)(2).) Likewise, the all-purpose assignment deadline for civil cases pertains to "a civil cause that has been assigned to a judge for all purposes." (*Ibid.*) And the master calendar deadline applies when there is a judge "other than a judge assigned to the case for all purposes" who is to try the case. (*Ibid.*) With these examples, it is clear section 170.6 distinguishes between deadlines applying when judges *assigned* to cases for trial or for all purposes and the deadline that applies when only one judge is *authorized* for a county. For this reason, we decline the People's invitation to

10

equate a county for which one judge is authorized with a branch of a court for which only one judge is authorized.

The People argue we should construe one-judge courts to encompass single-judge divisions of superior courts because there are no remaining counties for which there is only one authorized judge. (See Gov. Code, §§ 69580-69611.) The People reason the one-judge court deadline becomes mere surplusage in section 170.6 unless we interpret this deadline to encompass single-judge branches. Although we strive to avoid a statutory construction that turns statutory language into mere surplusage (*People v. De Porceri* (2003) 106 Cal.App.4th 60, 69), the elimination of courts qualifying as one-judge courts for purposes of peremptory challenges does not result from our interpretation of section 170.6. Instead, the elimination of the one-judge courts within the meaning of subdivision (a)(2) of section 170.6 arises out of the Legislature's amendments of Government Code sections 69580 to 69611 to provide at least two judges for every county. As we have noted, section 170.6 distinguishes between peremptory challenge deadlines that apply to assigned judges and those that apply for a single authorized judge in a county. If the one-judge court deadline is to apply based on assignments, the prerogative to make that change belongs to the Legislature.

The People also argue the Nevada County local rules authorize the Truckee branch as a one-judge court because the Government Code "expressly authorizes the adoption of local rules." In so arguing, the People rely on Government Code section 68070, which provides in pertinent part: "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." (Gov. Code, § 68070, subd. (a).) Although the Nevada County Superior Court may promulgate local rules to specify the assignment of judges within its branches, the court lacks power to authorize judges. The superior court, for example, cannot not add another judgeship to the county by so stating in the local rules of court. As we noted above, the Legislature has power to authorize judges for

11

counties and has done so comprehensively for all of California's counties. (Gov. Code, §§ 69580-69611) The prerogative of a superior court to specify assignments in local rules of court does not encompass the ability to turn one of its branches into a one-judge court for purposes of section 170.6, subdivision (a)(2).

In sum, the trial court erred in denying petitioners' peremptory challenges by applying the one-judge court deadline under section 170.6 to the Truckee branch of the Nevada County Superior Court.

## C.

### *The All-purpose Assignment Deadline*

The People argue that even if the one-judge court deadline does not govern in this case, the all-purpose assignment deadline applies. Under the all-purpose assignment deadline for criminal cases, a party must bring a peremptory challenge within 10 days of a first appearance before a judge assigned to a case for all purposes. Under subdivision (a)(2) of section 170.6, the 10-day deadline begins to run when a party receives notice of an all-purpose assignment. In pertinent part, subdivision (a)(2) provides: "If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a *party within 10 days after notice of the all purpose assignment*, or if the party has not yet appeared in the action, then within 10 days after the appearance." (Italics added.) There is no dispute Judge Tamietti is assigned to this case for all purposes within the meaning of the all-purpose deadline under section 170.6. However, the parties dispute whether actual notice is required or whether constructive notice suffices to trigger the 10-day all-purpose assignment deadline for filling a peremptory challenge.

The People contend constructive notice suffices, making petitioners' peremptory challenges untimely because they were filed more than 10 days after their attorneys first appeared before Judge Tamietti. Petitioners argue actual notice is required so that they timely filed their peremptory challenges the day after they first secured a copy of the

complaint bearing a stamp that stated Judge Tamietti was assigned to the case for all purposes. We conclude the 10-day deadline runs from the time actual notice is given that a judge is assigned to the case for all purposes.

Subdivision (a)(2) uses nearly identical language in defining the all-purpose assignment deadline for criminal and civil cases. In criminal cases, subdivision (a)(2) provides that "the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." In civil cases, only the number of days differs where subdivision (a)(2) provides that "the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance." Thus, criminal and civil cases are subject to the same two events that trigger the running of the all-purpose assignment deadline: (1) "notice of the all purpose assignment," and (2) a certain number of days after the first appearance of a party in the action in which a judge has already been assigned for all purposes.

Subdivision (a)(2) does not require any kind of notice to trigger the deadline when a party appears for the first time in an ongoing action in which a judge is already assigned. (*Brown*, *supra*, 163 Cal.App.3d at p. 826 [defining "appearance" under section 170.6 to refer to when a party first appears and submits to the jurisdiction of the court].) By contrast, subdivision (a)(2)'s other trigger of an all-purpose assignment deadline is the "notice of the all purpose assignment." We decline to construe this language to allow constructive notice to suffice for two reasons. First, the juxtaposition of notice against the first appearance trigger for the all-purpose assignment deadline suggests notice means actual notice. If constructive notice sufficed, the Legislature could have specified the triggering event giving rise to a duty to inquire about any existing assignment of a judge to the case -- just as the Legislature did with the first appearance trigger.

13

Second, the 10-day deadline in criminal cases and 15-day deadline in civil cases that occurs upon notice of an all-purpose assignment is easily calculated when actual notice serves to start the clock. This statutory construction comports with the Supreme Court's observation that "when there is an all purpose assignment, '[t]he litigant does not need any further information to know who will try the case,' because the assignment 'instantly pinpoints" that judge.' " (*Lavi*, *supra*, 4 Cal.4th at p. 1180, quoting *Augustyn v. Superior Court* (1986) 186 Cal.App.3d 1221, 1228.) Were constructive notice to trigger the deadline, parties and courts would have to guess about when proceedings reach a stage at which constructive notice ripens into a duty to inquire whether a judge has been assigned for all-purposes.

The People rely on a footnote in *Lavi* to argue constructive notice suffices to trigger the all-purpose assignment deadline. In pertinent part, the *Lavi* court "note[d] the conflict among lower courts as to whether an assignment to a department by number, rather than to a judge by name, can be an assignment for all purposes. For the reasons discussed [earlier in *Lavi,* and] which concerns the application of the 10-day/5-day rule, we hold that *when there is an assignment to a department by number*, if a particular judge regularly presides in that department and that judge's identity is either known to the litigant or discoverable on reasonable inquiry, and if there is reasonable certainty that this judge will ultimately hear the case (i.e., evidence is produced indicating that the case will likely remain in the department to which it was initially assigned), then a court may properly invoke the all purpose assignment rule, assuming such an assignment is involved." (*Lavi*, *supra*, 4 Cal.4th at p. 1180, fn. 12, italics added.) Thus, the Supreme Court held that when litigants know a case has been assigned to a particular department of the superior court, they cannot plead ignorance to the identity of a judge who regularly sits in that department. (*Ibid.*) However, we decline to extend this holding to a circumstance in which a party does not yet know an assignment has been made at all.

14

Consequently, we reject the People's contention constructive notice sufficed to trigger the 10-day all-purpose assignment deadline under section 170.6.

The People also assert the challenges were untimely under the 10-day deadline that runs from a first appearance in an action. As the People point out, petitioners did not file their challenges until 38 days after their attorney made his first appearance on their behalf. Crediting this argument would mean petitioners would have had to file their peremptory challenges before they were arraigned or given a file-endorsed copy of the criminal complaint. We reject the argument.

The notice prong should be triggered in felony cases, at the latest, at the arraignment because Penal Code section 988 requires, as pertinent here, that "[t]he arraignment must be made by the court, or by the clerk or prosecuting attorney under its direction, *and consists in reading the accusatory pleading to the defendant and delivering to the defendant a true copy thereof*, and of the endorsements thereon, if any . . . ." (Italics added.) Thus defendants originally named in a felony complaint should receive actual notice by the time of arraignment.[4] These original defendants must file a peremptory challenge within 10 days of notice of an all-purpose assignment if it is reflected in the complaint.

However, defendants who have "not yet appeared in the action" are subject to a different deadline. (§ 170.6, subd. (a)(2).) This deadline for defendants who have not yet appeared does not apply to originally named defendants, without whom no action would exist. Thus, the deadline for petitioners in this case -- the original defendants in this action -- is the notice provision of the all-purpose assignment deadline that requires a peremptory challenge to be filed within 10 days of the date of notice of an all-purpose

---

[4]     In this case, notice was not given because the petitioners were not presented with a file-endorsed copy of the complaint during their arraignment as required by Penal Code section 988.

15

assignment.  Because petitioners filed their peremptory challenges the next day after first receiving notice of Judge Tamietti's all-purpose assignment, the challenges should have been allowed.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the trial court to vacate its orders denying the peremptory challenges filed by petitioners Paul Lee Jones and Grayson Lee Jones (Code Civ. Proc., § 170.6), and to enter new orders accepting the peremptory challenges to Robert L. Tamietti, Judge of the Superior Court of Nevada County.  The alternative writ, having served its function, is discharged.  Our orders staying proceedings in the trial court are vacated.  Petitioners Paul Lee Jones and Grayson Lee Jones shall recover their costs for their writ petition and proceedings in this court.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)


     /s/     
HOCH, J.

We concur:


     /s/     
BLEASE, Acting P.J.


     /s/     
ROBIE, J.